■ JOHN HORTIS, Respondent, v MADISON GOLF CLUB, INC., Appellant. — Judgment unanimously affirmed, with costs. Memorandum: This is an action for money damages for breach of an employment contract, dated March 19, 1979, which provided, in relevant part, that for the period April 1, 1979 to October 31, 1979 plaintiff would serve as manager of defendant's bar and would be paid $250 per week. The issue presented on appeal is whether defendant was empowered to terminate plaintiff's employment under a provision of the agreement as follows: "This contract shall remain in force for as long as the performance of the operation is satisfactory." Plaintiff testified that he commenced work at defendant's premises shortly before April 1, 1979 and that on the first Saturday of June, 1979 he suffered a hernia while attempting to carry a keg of beer to defendant's patio. Following the injury, he worked three additional days but thereafter was unable to continue working and on June 12, 1979 the hernia was surgically repaired. He was not authorized by his doctor to return to work until August 20, 1979, and when he did so, he was told by the chairman of defendant's house committee that his services were terminated because "it didn't pay the club to take you back for the rest of the season." The house committee chairman confirmed that he terminated plaintiff's employment on August 20, 1979 when plaintiff returned to work. He also testified that plaintiff notified him in July, 1979 that he would be returning to work on August 6, 1979, and that had plaintiff returned on that date he would not have been terminated. He further testified that July and August were the only two busy and profitable months for operation of the bar. The trial court found that the contract was terminated "to suit defendant's convenience and advantage" and not because of defendant's dissatisfaction with plaintiff's

services. The court awarded plaintiff money damages of $2,500, computed at the sum of $250 per week from August 20, 1979 to October 31, 1979, and defendant appeals. It is well settled that a contract which is conditioned upon satisfaction of one of the parties is valid (*Matter of Associated Teachers of Huntington v Board of Educ.*, 33 NY2d 229; *Wynkoop Hallenbeck Crawford Co. v Western Union Tel. Co.*, 268 NY 108; *Duplex Safety Boiler Co. v Garden*, 101 NY 387). Where such a condition is included in a contract of employment, the issue of whether services performed under the contract were satisfactory generally is left to the sole judgment of the employer (5 Williston, Contracts [3d ed], § 675A; *Diamond v Mendelsohn*, 156 App Div 636; cf. *Fursmidt v Hotel Abbey Holding Corp.*, 10 AD2d 447, mot for lv to reargue app den 11 AD2d 649). The burden is upon the employee asserting a breach of the employment contract to show that his termination was for a reason other than dissatisfaction (5 Williston, Contracts [3d ed], § 675A, p 201) or that the employer's claim of dissatisfaction was feigned and not genuine (*Delano v Columbia Mach. Works & Malleable Iron Co.*, 179 App Div 153, affd on opn below 226 NY 660). Defendant asserts in its answer that plaintiff did not perform his contractual services in a satisfactory manner. The answer also alleges, however, and the testimony demonstrates, that defendant had no objection to plaintiff returning to work as of August 6, 1979, a date subsequent to those events, save one, which are claimed as the bases for defendant's dissatisfaction. The court was justified, therefore, in affording them no weight. Defendant's other asserted basis of dissatisfaction is that plaintiff was absent from work without excuse or permission from August 6 to August 20, 1979. In that regard, plaintiff's testimony that he was not released by his doctor to return to work until August 20 was received without objection and otherwise stands unrebutted. Moreover, the evidence demonstrates that plaintiff maintained reasonable contact with defendant during the period of his absence and was never informed of either dissatisfaction with his performance or that his absence beyond August 6 would be without excuse or permission. While it is true, as defendant argues, that the court in its decision appears to have placed the burden of proof upon defendant, it is equally true that defendant's answer contains a combined "Affirmative Defense and Counterclaim" setting forth the "affirmative defense" of unsatisfactory performance (see CPLR 3018, subd [b]; 3019) and the case was submitted to the trial court in that posture. In any event, a new trial is not warranted. We find from all the evidence that defendant's termination of plaintiff was not on the basis of dissatisfaction with "the performance of the operation." That conclusion is fully supported in the record, as are the findings of the trial court upon which judgment was awarded. (Appeal from judgment of Supreme Court, Onondaga County, McLaughlin, J. — breach of employment contract.) Present — Dillon, P. J., Callahan, Denman, Moule and Schnepp, JJ.