Alvin J. NEWTON *v.* BROWN & ROOT

83-121                                            658 S.W.2d 370

Supreme Court of Arkansas
Opinion delivered October 10, 1983

*Pickens, Boyce, McLarty & Watson,* by: *James A. McLarty,* for appellant.

*William L. Bedman* of *Powell, Wilson, Brown & Maverick,* Houston, Texas, and *House, Jewell, Dillon, Dover & Dixon, P.A.,* by: *Philip K. Lyon* and *Donna Smith Golchus,* for appellee.

RICHARD B. ADKISSON, Chief Justice. Appellant, Newton, an at-will employee of appellee, Brown & Root, brought an action for wrongful discharge. A jury returned a verdict for appellant in the amount of $6,000. The Independence County Circuit Court set aside its judgment on the verdict and dismissed the complaint, holding that there was insufficient evidence to sustain the verdict. Affirmed.

Appellant was a boilermaker working for Brown & Root, a contractor, at the Independence steam electric generating plant under construction for Arkansas Power & Light at Newark, Arkansas. Appellant was directed by his foreman to go to the top of the precipitator, about 120 feet above ground, to assist another boilermaker in the alignment of large steel beams called insulators. The two men had been working about an hour when they were ordered to the ground by two safety inspectors who had observed them working without their safety lanyards "tied-off" (a company regulation requiring an employee to utilize his safety belt whenever he worked more than six feet above ground). Although there was in fact no place in the work area where the two men could have "tied-off", both were discharged immediately for failure to comply with this regulation. Neither, however, said anything about the absence of a lifeline at the time of discharge.

On appeal appellant argues that an at-will employee has a cause of action against an employer for wrongful discharge when the employee has been fired for violation of a safety rule he could not obey because of the employer's failure to provide a safe working area. It is generally held that when the term of employment is indefinite, or at-will (terminable by either party), either the employer or the employee may put an end to the relationship at will and without cause. *Little* v. *Federal Container Corp.*, 452 S.W.2d 875 (Tenn. App. 1969). 9 S. Williston, Contracts § 1017 (3rd ed. 1967). Under this common law rule, the right of the employer to terminate the employment is unconditional and absolute. *Jefferson Electric Company* v. *N.L.R.B.*, 102 F.2d 949 (1939). Our own cases have adhered to this principle. *Griffin* v. *Erickson*, 277 Ark. 433, 642 S.W.2d 308 (1982); *Miller* v. *Missouri Pacific Transportation Co.*, 255 Ark. 475, 283 S.W.2d 158 (1955); *Moline Lumber Co.* v. *Harrison*, 128 Ark. 260, 194 S.W. 25 (1917); *St. Louis I.M. and S. R. Co.* v. *Matthews*, 64 Ark. 398, 42 S.W. 902 (1897). See also Comment, *Wrongful Discharge of Employees Terminable At-Will — A New Theory of Liability in Arkansas*, 34 Ark. L. Rev. 729 (1981).

In *M.B.M. Co.* v. *Counce*, 268 Ark. 269, 596 S.W.2d 681 (1980) this court had occasion to consider a public policy

exception to the at-will doctrine. There we were unable to decide if we would recognize such an exeption because appellant did not make a case for wrongful discharge. Here we are again prevented from deciding this issue because appellant himself contributed to the unsafe conditions by failing to protest or advise the employer of the unsafe work area. The trial court noted that had appellant refused to work in the area or had he come down immediately and said something about the condition, he would have made a case on the issue of wrongful discharge. Had that happened, then we would have occasion to reach the merits of appellant's argument on appeal.

Affirmed.