■ ANTHONY F. WASILKOWSKI, M.D., P.C., et al., Appellants, v AMSTERDAM MEMORIAL HOSPITAL, Respondent. — Mikoll, J. Appeal from a judgment of the Supreme Court in favor of defendant

entered August 16, 1983 in Montgomery County, upon a decision of the court at Trial Term (Walsh, Jr., J.), without a jury.

Plaintiff Anthony F. Wasilkowski (hereinafter plaintiff) had been hired in 1977 by defendant as radiologist. Subsequently, plaintiff formed a professional corporation which performed the same functions for defendant. Defendant terminated the professional corporation's services effective May 20, 1982. Plaintiff and the professional corporation sued defendant alleging, *inter alia*, (1) that the professional corporation had lost and was continuing to lose its medical practice and professional good will due to the wrongful termination of the radiological services it performed for defendant, and (2) that defendant breached the oral agreement of employment with plaintiffs by failing to pay plaintiff, prior to November 1, 1979, and the professional corporation, after that date, the agreed-upon compensation.

After a nonjury trial, the trial court determined that the professional corporation's employment was terminated because the radiology department which plaintiff had staffed was operating at a loss prior to the date of termination, that the financial losses of the radiology department were a reasonable cause for terminating the professional corporation's employment, and since there was a rational basis for the termination, defendant's acts could not be conceived of as being arbitrary or capricious. The trial court held, as well, that plaintiffs failed to prove that the compensation paid to them was other than what had been agreed on by the parties. The complaint was dismissed and judgment was entered for defendant.

Plaintiffs contend that the trial court erred in finding that the professional corporation's discharge was in conformity with the termination provisions of the contract. The employment contract provided, in relevant part: "It is agreed that either party may terminate this Agreement at any time for reasonable cause, providing that 120 days notice has been rendered, in writing, and that the action taken cannot be conceived as arbitrary or capricious in nature." Plaintiffs urge that defendant failed to establish that the termination of the professional corporations' employment was justified. Although it was defendant's burden to establish that the termination was justified, it was plaintiffs' burden to prove that the justification stated was feigned or lacked credibility (*Hortis v Madison Golf Club,* 92 AD2d 713, 714). The trial court concluded that the radiology department had been operating at a loss and that the discharge was reasonable as a good-faith attempt to cut losses. The trial court held that only if the action taken was without foundation in fact could it be considered arbitrary or capricious.

Plaintiffs argue that the construction of the termination clause dictates that if the professional corporation's discharge could be conceived of as arbitrary and capricious under any possible circumstances, then the discharge is unjustified. We decline to accept such an artificial and strained interpretation of the terms of the contract. We conclude that the trial court properly interpreted them in accordance with the prevailing meaning of the language used. (*See,* Restatement [Second] of Contracts § 202 [3] [a] [1979].) The record amply supports the trial court's finding that the professional corporation was discharged because of the financial losses in the radiology department.

The trial court's finding that plaintiffs failed to establish that the parties agreed that compensation would be based on a fee schedule other than the one issued in 1976 is also supported in the record. Here, the trial court was called upon to evaluate the credibility of witnesses in a conflict over this issue. The trial court's findings should be given deference in that it was in a unique position to appropriately pass judgment on the matter (*see, Atkin v Union Processing Corp.,* 90 AD2d 332, *affd* 59 NY2d 919).

Judgment affirmed, without costs. Kane, J. P., Weiss, Mikoll and Yesawich, Jr., JJ., concur.