Billy Allen SKEETS, Appellee,

v.

Roy L. JOHNSON, Individually and Chief of Weights Division, Arkansas State Highway and Transportation Department; Henry Gray, Individually and Director of Highways and Transportation of the Arkansas State Highway Commission; George Kell, Individually and Ex-Member of the Arkansas State Highway Commission; David Solomon, Individually and Ex-Member of the Arkansas State Highway Commission; Patsy L. Thomasson, Individually and Ex-Member of the Arkansas State Highway Commission; James A. Branyon, Individually and Ex-Member of the Arkansas State Highway Commission; Festus H. Martin, Jr., Individually and Ex-Member of the Arkansas State Highway Commission; Raymond Pritchett, Individually and a Member of the Arkansas State Highway Commission; Bobby Hopper, Individually and a Member of the State Highway Commission; Ron Harrod, Individually and a Member of the State Highway Commission; and Dalton Farmer, Individually and a Member of Arkansas State Highway Commission, Appellants.

No. 85–1761.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 12, 1987.

Filed April 27, 1987.

Michael S. Moore, Little Rock, Ark., for appellants.

Cliff Jackson, Little Rock, Ark., for appellee.

Before LAY, Chief Judge, and HEANEY, ROSS, McMILLIAN, ARNOLD, JOHN R. GIBSON, FAGG, BOWMAN, WOLLMAN and MAGILL, Circuit Judges.

LAY, Chief Judge.

On November 12, 1986, a panel of this court affirmed a summary judgment by the United States District Court for the Eastern District of Arkansas [1] entered in favor of Billy Allen Skeets on his 42 U.S.C. § 1983 (1982) claim that his termination from the Arkansas State Highway and Transportation Department violated his

---

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkan-   sas, presiding.

constitutional right to due process. The district court had held that Skeets had been deprived of his property interest in the employment without adequate pretermination procedures and ordered his reinstatement with full backpay. For the following reasons, we reverse.

**Background**

Skeets' summary judgment motion was submitted to the district court on stipulated facts. On April 10, 1979, Skeets was discharged from his position as Captain and District Supervisor for the Arkansas State Highway and Transportation Department, a position he had held for ten years, for "dereliction of duty." As stated in the stipulation, "Plaintiff's job was not tenured, and under Arkansas law he was an at-will employee whose employment could be terminated at any time. Plaintiff's only claimed source of a property interest is the department's grievance procedures." The reasons for his dismissal were never put in writing and Skeets was given no notice or opportunity for a hearing either before or after his discharge.

The above-referenced grievance procedure is set forth in the Arkansas Highway Department's Personnel Manual and Minute Order No. 75295, dated June 25, 1975. This grievance procedure was in effect at the time of Skeets' discharge. The procedure provides that "[w]hen an employee thinks or feels that any condition affecting his or her employment is unjust, inequitable, a hinderance to the satisfactory operation or creates a problem, the employee shall use the following procedures for the solution of such problems." The grievance is first brought to the employee's supervisor who must "give an impartial hearing, make a thorough investigation and, if possible, make a decision which is mutually agreeable." The employee may then appeal an unsatisfactory decision to the District Engineer or Division Head, who must put the decision in writing. An appeal from that decision may then be made to the department's Employee Representative who must investigate the complaint and report to the Director, whose decision must be given to the employee in writing.

Skeets claims that the department's failure to allow him to utilize this procedure deprived him of a property interest in violation of his constitutional right to due process under the Fourteenth Amendment and 42 U.S.C. § 1983 (1982). The district court agreed, relying upon *Wilson v. Robinson,* 668 F.2d 380 (8th Cir.1981).[2] In the present case, in affirming the judgment of the district court, our panel agreed that, by reason of the aforesaid language of the Personnel Manual, Skeets was more than an at will employee when he was summarily fired. *Skeets v. Johnson,* 805 F.2d 767, 770–71 (8th Cir.1986). The panel held that the grievance procedures in this case presented Skeets with a property interest by reason of the required investigation and hearing. *Id.* at 772. We granted the petition for rehearing en banc. We must respectfully disagree with the result of the panel decision and we now reverse the judgment of the district court.

**Discussion**

Skeets did not possess a property interest in his continued employment as evidenced by the parties' stipulation that under Arkansas law, Skeets "was an at-will employee who could be terminated at any time." It is well established that property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972); *see also Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976) (claimed property interest in employment may be created by ordinance or implied contract, but in any event may be established only by reference to state law); *Tautfest v. City of Lincoln,* 742 F.2d 477, 480 (8th Cir.1984) (court must look to contract of employment

2. In *Wilson,* the court held that an ordinance providing county employees with a two-week *pretermination* notice, written reasons for the dismissal, and the right of appeal to a grievance board, creates an expectation of continued employment sufficient to require pretermination procedural due process. *Id.* at 382.

and to state law to determine if there exists a legitimate claim of entitlement to benefits). Under Arkansas law, an at will employee is one who can be terminated at any time without cause. The employer's right to so terminate the employee is unconditional and absolute. *See, e.g., Newton v. Brown & Root,* 280 Ark. 337, 338, 658 S.W.2d 370, 371 (1983); *Griffin v. Erickson,* 277 Ark. 433, 436, 642 S.W.2d 308, 310 (1982); *but see Lucas v. Brown & Root, Inc.,* 736 F.2d 1202, 1204–05 (8th Cir.1984) (an exception to this rule applies when the reason alleged to be the basis for a discharge is so repugnant to the general good as to be against public policy). The fact that the employment is public rather than private does not alter the rule. *Hogue v. Clinton,* 791 F.2d 1318, 1323 (8th Cir.), *cert. denied,* — U.S. —, 107 S.Ct. 648, 93 L.Ed.2d 704 (1986); *Griffin,* 642 S.W.2d at 310; *see also Hughes v. Whitmer,* 714 F.2d 1407 (8th Cir.1983), *cert. denied,* 465 U.S. 1023, 104 S.Ct. 1275, 79 L.Ed.2d 680 (1984) (Missouri statute giving state power to transfer highway patrol trooper at will permitted transfer of trooper to anywhere in state with or without cause); *Cato v. Collins,* 539 F.2d 656 (8th Cir.1976) (Arkansas statutory policy of providing public schoolteachers with automatic renewal of one-year employment contracts rather than formal tenure created no expectation of continued employment).

In the joint stipulation, Skeets concedes that he is an employee at will under Arkansas law, but claims a property interest in continued employment by virtue of the department's grievance procedures. "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Board of Regents v. Roth,* 408 U.S. at 577, 92 S.Ct. at 2709. In the present case, the state had an absolute, unconditional right to dismiss Skeets without cause because he was an at will employee. Any claim of entitlement to

that employment asserted by Skeets, regardless of the source, must be rejected due to his concession that he was an employee at will. This court stands firm in its position that stipulations of fact voluntarily made and fairly entered into are controlling and conclusive and courts are bound to enforce them. *E.g., Fenix v. Finch,* 436 F.2d 831, 837 (8th Cir.1971); *Farmers Co-Operative Elevator Ass'n v. Strand,* 382 F.2d 224, 231 (8th Cir.), *cert. denied,* 389 U.S. 1014, 88 S.Ct. 589, 19 L.Ed.2d 659 (1967). Such stipulations can be controverted on appeal only under exceptional circumstances. *Kealy v. Harter,* 682 F.2d 198, 201 (8th Cir.1982); *Fenix,* 436 F.2d at 837. Skeets is bound by his stipulation that he was an at will employee.

Notwithstanding this stipulation, Skeets makes clear that he urges recognition of a property interest based solely on the existence of the grievance procedure of the Highway Department. The difficulty we have with this argument is that the grievance procedure relied upon by Skeets as the source of his property interest provides only for post-termination procedures. The grievance procedure at issue has general applicability to "any condition affecting [an employee's] employment" which the employee believes is unjust. Discharge is not mentioned in the procedure, but neither is it excluded. As the panel observed, "the grievance procedures can be construed as being applicable to employment terminations such as at issue." *Skeets,* 805 F.2d at 773. However, we find that the grievance procedure, as applied to a discharge situation, by the very nature of its language, provides only after-the-fact, post-termination procedural safeguards. The manual assumes "a grievance" will occur before a hearing. In this case, the grievance was the summary discharge. Nothing in the Personnel Manual can be read to require the employer to postpone a termination decision until the employee has exhausted his rights under the grievance procedure.[3]

---

**3.** In this sense, our decision in *Wilson, see supra* p. 1214 & n. 2, can be distinguished. Whether a pretermination process created by a public employer amounts to a property interest is not before us in this case, and the Court en banc expresses no view on it.

On a number of occasions, the Supreme Court has held that pretermination procedures are essential, except in extraordinary circumstances, to protect property interests under the due process clause. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) (essential principle of due process is that deprivation of property be preceded by notice and opportunity for hearing); *Board of Regents v. Roth*, 408 U.S. at 569–70, 92 S.Ct. at 2705 (when protected interests are implicated, the right to some kind of prior hearing is paramount); *Bell v. Burson*, 402 U.S. 535, 542, 91 S.Ct. 1586, 1591, 29 L.Ed.2d 90 (1971) (before the state can terminate a protected interest, it must afford notice and opportunity for hearing appropriate to the nature of the case before the termination becomes effective); *Boddie v. Connecticut*, 401 U.S. 371, 379, 91 S.Ct. 780, 786, 28 L.Ed.2d 113 (1971) (one must be given an opportunity for a hearing before he is deprived of any significant property interest). However, in each of these cases the property interest was separately identified and was not based upon the procedural process available. The Supreme Court recently stated: "Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." *Olim v. Wakinekona*, 401 U.S. 238, 250, 103 S.Ct. 1741, 1748, 75 L.Ed.2d 813 (1983).

We conclude that Skeets did not possess a property interest by reason of his stipulation and the post-termination grievance procedure available.

The November 12, 1986, decision of the panel is vacated and the judgment of the district court is reversed and the cause remanded for further proceedings.[4]

BOWMAN, Circuit Judge, with whom ROSS, JOHN R. GIBSON and WOLLMAN, Circuit Judges, join, concurring.

I concur in the result and in most of the Court's reasoning. I write separately only because the Court's opinion, in my view, places undue emphasis on Skeets' stipulation that he was an at-will employee, and thus creates a danger that our holding may be misconstrued as being based only on this stipulation.

The stipulation states that "[p]laintiff's job was not tenured, and under Arkansas law he was an at-will employee whose employment could be terminated at any time. Plaintiff's only claimed source of a property interest is the department's grievance procedures." *Skeets v. Johnson*, 609 F.Supp. 793, 794 (E.D.Ark.1985). Fairly read, the stipulation simply amounts to a concession that Skeets has no property interest in continued employment unless the department's grievance procedures create such an interest.

The holding of the Court en banc, as I understand it, is not that Skeets stipulated himself out of court with respect to his property interest claim, but that the grievance procedures upon which he relies are not, without more, sufficient to create a property interest in continued employment. For the reasons stated in the Court's opinion, *ante* at 1215–1216, and somewhat more fully in my dissent from the panel opinion, *Skeets v. Johnson*, 805 F.2d 767, 775, 776–81 (8th Cir.1986), I believe that this holding is clearly correct. "Grievance procedures that do not establish any grounds upon which termination must be based do not in themselves create a property interest in employment." *Hogue v. Clinton*, 791 F.2d 1318, 1324 (8th Cir.1986). As in *Hogue*, the grievance procedures in the present case do not place any substantive restrictions on defendants' discretion in deciding to discharge Skeets nor do they even arguably "establish any grounds upon which termination must be based." *Id.* Our decisions in *Hogue* and in this case necessarily follow from the Supreme Court's clear-cut rejection of the proposition that procedure, absent substantive rules of entitlement, can establish a property interest. *See Olim v. Wakinekona*, 461

---

4. We note that Skeets' concession of his at will status does not extinguish his complaint. The district court declined to pass upon Skeets' liber-ty claim in view of its findings sustaining his property claim.

U.S. 238, 248–51, 103 S.Ct. 1741, 1747–48, 75 L.Ed.2d 813 (1983). Indeed, the law is so well-established on this point that the Seventh Circuit recently has declared frivolous a claim legally indistinguishable from Skeets' claim and has awarded attorney fees to the defendants who resisted the claim on appeal. *See Weinstein v. University of Illinois*, 811 F.2d 1091 (7th Cir. 1987).

With the reservations here expressed concerning the significance of Skeets' stipulation, I concur in the Court's decision reversing the judgment of the district court and remanding the case for further proceedings.