# JEFFERSON SMURFIT CORPORATION
## v. Al HOPKINS d/b/a A. Hopkins Container, Inc.

CA 94-305                                        894 S.W.2d 951

### Court of Appeals of Arkansas
### Division I
### Opinion delivered March 15, 1995

*Friday, Eldredge & Clark*, by: *Tonia P. Jones*, for appellant.

*Southern, Allen & James*, by: *Faye Bancroft*, for appellee.

JAMES R. COOPER, Judge. The appellee in this contract case was a broker and independent sales agent engaged in the business of selling cardboard container products. The appellant is a manufacturer of cardboard containers. In 1985, the appellee negotiated an agreement between the appellant's predecessor-in-interest (J&S Manufacturing Company) and Dahlonega Equipment & Supply Company. Pursuant to the agreement, J&S would manufacture egg packaging for Dahlonega. In addition, the appellee was to receive from J&S a five percent commission on all sales. Subsequently, the owner of J&S sold the business to the appellant. The appellant continued to manufacture egg packaging for Dahlonega. The appellant likewise continued to pay the appellee a five percent commission on all sales until, in November 1989, it informed the appellee that it would no longer pay him a commission on sales to Dahlonega. The appellee brought suit against the appellant for breach of contract, alleging that the appellant was liable for commissions on sales made to Dahlonega after November 1989. The case was tried to a jury, which returned a verdict for the appellee in the amount of $110,763.00. From that decision, comes this appeal.

For reversal, the appellant contends that the trial court erred in refusing to instruct the jury that a contract which has no fixed term is terminable at will. We find no error, and we affirm.

We note that neither the agreement between J&S and the appellee, nor the agreement between the appellant and the appellee, had been reduced to writing. It is also apparent from the record that neither agreement specified a date certain on which the agreement would terminate. The appellant asserts that the contract was therefore one of indefinite duration which could be terminated at will by either party. We do not agree.

The terms of the agreement regarding the termination of the parties' duties was the heart of this lawsuit, and the issue was not undisputed. For example, there was testimony to show that it was a custom and standard of the industry that a broker would receive commissions on an account so long as sales continued to be made. There was also evidence that the parties themselves placed such a construction on the contract prior to November 1989. Evidence of custom and usage, and course of dealing, is relevant where the meaning of a contract term is uncertain, and the meaning thereof becomes a question of fact for the jury. *See Precision Steel Warehouse* v. *Anderson-Martin*, 313

Ark. 258, 854 S.W.2d 321 (1993); *Joshua* v. *McBride*, 19 Ark. App. 31, 716 S.W.2d 215 (1986). In short, there was evidence to show that the agreement was not terminable at will, but was instead to continue as long as the appellant continued to make sales to Dahlonega. Therefore, even assuming *arguendo* that the instruction proffered by the appellant was a correct statement of the law in the context of an agreement which was not a contract of employment, the proposed instruction invaded the province of the jury by assuming a disputed fact. *See Weatherford* v. *Wommack*, 298 Ark. 274, 766 S.W.2d 922 (1989). No error is committed when a trial judge refuses to give an instruction which tends to mislead the jury by removing from their consideration a disputed question of fact. *Aluminum Co.* v. *Ramsey*, 89 Ark. 522, 117 S.W. 568 (1909), *aff'd* 222 U.S. 251.

Affirmed.

PITTMAN and ROGERS, JJ., agree.