# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-4149

_____

| | | |
|---|---|---|
| Floyd Campbell, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Western |
| James R. Purtle, Individually and in | * | District of Arkansas. |
| his Official Capacity as Chief of Police | * | |
| for the City of Hope; Catherine Cook, | * | |
| in her Official Capacity as City | * | |
| Manager for the City of Hope; The | * | |
| City of Hope, Arkansas, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: June 16, 1999

Filed: July 21, 1999

_____

Before BEAM and MORRIS SHEPPARD ARNOLD, Circuit Judges, and PANNER,[1] District Judge.

_____

BEAM, Circuit Judge.

---

[1]The Honorable Owen M. Panner, United States District Judge for the District of Oregon, sitting by designation.

A police officer who was an at-will employee brought this section 1983 action and state law wrongful discharge claim against his city employer, alleging that he was discharged in violation of public policy and without due process. The district court[2] found that the police officer failed to present evidence that he was fired in contravention of public policy and that he had received an adequate hearing prior to his termination. We affirm.

## I.    BACKGROUND

Floyd Campbell was employed as a police officer with the City of Hope, Arkansas (City). There is no dispute that he was an at-will employee. On February 20, 1996, pursuant to an outstanding arrest warrant, Campbell arrested Sandy Purtle, the niece of James Purtle, the chief of police for the City. A few months later, Campbell used some physical force while arresting a suspect. A fellow officer felt that the force was unwarranted and reported the incident to Chief Purtle. Purtle ordered an internal affairs investigation and placed Campbell on administrative leave with pay.

Campbell sent a grievance letter to Catherine Cook, the City Manager, questioning the investigation and requesting reinstatement. He later supplemented the grievance with another letter on May 3, relating his version of the events leading to the investigation, and questioning some of the conclusions that he had learned were in the investigative report. Campbell, and his attorney, met with Cook on May 7. Campbell related the events surrounding the allegation of excessive force and again voiced his complaints about the investigation. After investigating Campbell's concerns, Cook responded in a letter on May 20 that Campbell's administrative leave was proper, and that she found no inconsistencies in the internal affairs investigation. The internal affairs investigation concluded that "the use of force employed on [the arrestee] by

[2]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.

Officer Campbell was unnecessary and excessive." Campbell was terminated on May 21. On May 22, he appealed to Cook as provided in City personnel regulations. Cook then reviewed Purtle's decision and "found no indication that Chief Purtle allowed his personal feelings to interfere with his decision to terminate [Campbell's] employment."

Campbell filed this action, alleging a section 1983 violation and a wrongful discharge claim under state law. In his section 1983 claim, Campbell argues that, even though he was an at-will employee, he had a property interest in his job because Arkansas recognizes the "public policy" exception to the at-will doctrine. Under Arkansas law, an at-will employee may be discharged at any time without cause. See Skeets v. Johnson, 816 F.2d 1213, 1215 (8th Cir. 1987) (en banc). However, the employee may have a cause of action for wrongful discharge if fired in violation of a well-established public policy of the state. See Sterling Drug, Inc. v. Oxford, 743 S.W.2d 380, 385 (Ark. 1988). Campbell argues that the public policy exception became part of his employment agreement with the City. Thus, he argues, he has a right to be free from termination for a reason that is contrary to a well-established public policy of Arkansas. He asserts that the real reason for his termination is his arrest of the Chief's niece. Because the lawful arrest occurred in the performance of his public duty, he asserts that he was entitled to a pre-termination hearing. Campbell asserts that he was entitled to a pre-termination hearing with Chief Purtle because Purtle was the individual who fired him.

The district court granted summary judgment to the defendants. It held that the public policy exception to the at-will employment doctrine does not create a constitutionally protected property right, but, at most, creates a cause of action for wrongful discharge. In the alternative, the court held that even if Campbell did have a property right, he received a hearing sufficient to satisfy the requirements of due process. The district court also granted summary judgment to the defendants on the wrongful discharge claim, finding that the "only support for improper motive lies in [Campbell's] statement that Purtle would not speak to him following the arrest of his

niece."  The district court thus found no genuine issue of material fact on whether the City's proffered reason for the termination was a mere pretext for retaliation.  In this appeal, Campbell presents the same arguments that he presented to the district court.

## II.    DISCUSSION

We review a grant of summary judgment *de novo*, considering all evidence in a light most favorable to the nonmoving party.  See Munz v. Michael, 28 F.3d 795, 798 (8th Cir. 1994).  A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See id.

We need not decide whether the public policy exception creates a constitutionally protected property right[3] because even if it does, Campbell received ample due process before termination.  Due process is a flexible concept and the amount and type of process due depends on the nature of the right being protected and the nature of the post-termination proceedings available.  See, e.g., Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 545 (1985).  In Loudermill, the employee was a tenured civil servant who could not be discharged except for cause, a much greater and more tangible property right than that claimed by Campbell.  The Supreme Court held that "the pre-termination hearing need not definitively resolve the propriety of the discharge.  It should be an initial check against mistaken decisions—essentially, a

_____

[3]We do, however, note that in all the authority cited by the parties, courts have consistently held that the exception does not create a property right, and at most creates a cause of action for wrongful discharge.  See Rojicek v. Community Consol. Sch. Dist., 888 F. Supp. 878, 884 (N.D. Ill. 1995); Hughes v. Bedsole, 913 F. Supp. 420, 429-30 (E.D. N.C. 1994); Reitz v. Persing, 831 F. Supp. 410, 414 (M.D. Pa. 1993); DeAngelis v. Lynch, No. CIV.A. 87-4610, 1988 WL 25306, at *3 (E.D. Pa. Mar. 15, 1988) (unpublished); Wulf v. City of Wichita, 644 F. Supp. 1211, 1222 (D. Kan. 1986), partially reversed on other grounds, 883 F.2d 842 (10th Cir. 1989).

determination of whether there are reasonable grounds to believe that the charges against the employee are true." Id. at 545-46. Assuming, for the sake of argument, that Campbell had a property right in his employment, the hearing he received was more than adequate to protect that interest. Campbell was allowed to give his version of the events leading to the investigation both in writing and in person with his attorney present, as well as to voice his concern that the investigation was motivated by personal animosity on the part of Purtle. Cook investigated and concluded that the internal police investigation showed no inconsistencies. After his termination, Campbell was afforded a second administrative review. We agree with the district court that Campbell received all the process he was due, if any was due at all.

Campbell also appeals the district court's grant of summary judgment to the City on his wrongful discharge claim. We agree with the district court that Campbell failed to raise an issue of material fact. We have reviewed the record and find the remainder of Campbell's arguments to be without merit.

## III.   CONCLUSION

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.