# GREENWOOD SCHOOL DISTRICT *v.*
## Barbara LEONARD

CA 07-1283                                                     285 S.W.3d 284

### Court of Appeals of Arkansas
### Opinion delivered May 28, 2008

### [Rehearing denied July 23, 2008.]

*Thompson and Llewellyn, P.A.*, by: *James M. Llewellyn, Jr.*, for appellant.

*Mitchell, Blackstock, Barnes, Wagoner, Ivers and Sneddon*, by: *Greg Alagood*, for appellee.

John B. Robbins, Judge. This is an appeal by appellant Greenwood School District contesting the Sebastian County Circuit Court's order filed September 5, 2007, entering judgment for appellee, former school employee Barbara Leonard, in her suit for breach of contract. Appellant contends that appellee's sole recourse for any grievance against the district was through the Teacher Fair Dismissal Act (TFDA), under which she had no right of appeal, and that she did not have any actionable breach of contract claim. Appellant also contends that the trial court erred in finding that appellee met her burden of proof to sustain an award of damages for breach of contract. We disagree with appellant and affirm the trial court.

Appellee entered into a written employment contract with the district for the term of July 1, 2006, through June 30, 2007, for a total salary of $39,831, wherein appellee would provide teaching services. The termination provision stated that it would be "according to the Board of Education Policy." The district informed her of its intentions to terminate her contract in a letter sent to appellee in August 2006. A full hearing on this issue was conducted before the school board in October 2006, after which the board voted to accept the district's recommendation to terminate her contract. Thereafter, appellee filed a complaint in circuit court pursuing two remedies: an appeal under the TFDA, and alternatively seeking damages for breach of contract.

Appellant resisted the lawsuit and specifically asserted that appellee was a probationary teacher with the district who had no statutory right to appeal the decision of the school board pursuant to the TFDA. It is clear that a probationary teacher has no statutory right to appeal from a decision of the school board, but a non-probationary teacher does. See Ark. Code Ann. § 6-17-1510(d) (Repl. 2007). The trial court granted appellant's motion to dismiss the part of the complaint that purported to pursue an appeal under the TFDA. Appellee does not contest that ruling. However, the contract claim was allowed to proceed.

A bench trial was conducted, wherein the trial judge received stipulated exhibits. Those included the transcript of the school board hearing, the contract for employment between appellant and appellee, the letter sent to appellee stating the district's reasons for terminating her service, and cell phone records.

In summary, appellee had received two months of her twelve months' salary agreement with the school district when a complaint was made to the school. Harassing and inappropriate

cellular telephone calls were being made to the home of Jay and Terri Weaver, also school-district employees. The calls were ultimately traced to a phone owned by appellee. Appellee determined that the person making the calls was her seventeen-year-old niece, Lacee, who was living with appellee during that time. The repeated phone calls were annoying and sometimes lewd, and sometimes the caller or callers left voice-mail messages. The voices in those phone calls were always identified as female.

Appellee testified that once she was made aware that this was happening, she punished Lacee and ensured that this stopped. Appellee vehemently denied that she personally took part in any of those calls. Lacee testified, admitting to having made those cell phone calls, always accompanied by appellee's teenage daughter. Lacee admitted that it was incredibly poor judgment on her part.

The existence and terms of the probationary-teacher contract are not in dispute. Appellee prevailed for having a contracted term of employment for a certain term and for certain remuneration. The trial court determined that appellant breached the agreement and awarded appellee damages for the agreed-salary remaining to be paid to her. This appeal followed.

Appellant asserts that appellee's sole recourse was through the TFDA procedures and that she was not entitled to pursue an independent, alternative cause of action for breach of contract absent an established violation of the TFDA. Appellee contends that regardless of the TFDA, as a probationary teacher she was entitled to pursue her remedies at common law, which include an action for breach of contract. She cites to *McGee v. Armorel Public Schs.*, 309 Ark. 59, 827 S.W.2d 137 (1992), and *Head v. Caddo Hills Sch. Dist.*, 277 Ark. 482, 644 S.W.2d 246 (1982).

The TFDA addresses rights of redress regarding termination and non-renewal of teacher contracts in Ark. Code Ann. § 6-17-1510, which states in relevant part:

> (a) Upon conclusion of its hearing with respect to the termination or nonrenewal of a contract of a teacher who has been employed as a full-time teacher by the school district for less than three (3) continuous years, the board of directors shall take action on the recommendations by the superintendent with respect to the termination or nonrenewal of such contract. The board of director's decision with regard to nonrenewal of a probationary teacher shall be final.

(b) Any certified teacher who has been employed continuously by the school district three (3) or more years or who may have achieved nonprobationary status pursuant to § 6-17-1502 may only be terminated or the board of directors may refuse to renew the contract of the teacher when there is a reduction in force created by districtwide reduction in certified staff, for incompetent performance, conduct which materially interferes with the continued performance of the teacher's duties, repeated or material neglect of duty, or other just and reasonable cause. . . . .

(c) Subsequent to any hearing granted a teacher by this subchapter, the board of directors, by majority vote, shall make specific written conclusions with regard to the truth of each reason given the teacher in support of the recommended termination or nonrenewal.

(d) The exclusive remedy for any nonprobationary teacher aggrieved by the decision made by the board of directors shall be an appeal therefrom to the circuit court of the county in which the school district is located, within seventy-five (75) days of the date of written notice of the action of the board of directors. Additional testimony and evidence may be introduced on appeal to show facts and circumstances showing that the termination or nonrenewal was lawful or unlawful.

As the foregoing text demonstrates, non-probationary teachers have a statutory right of review via appeal to circuit court, whereas probationary teachers do not. Undoubtedly, all employees must receive due process, which requires that the TFDA procedures be substantially complied with in any termination or nonrenewal situation. *See Head, supra.* Therefore, where the termination or nonrenewal is illegal, i.e., not substantially compliant with the procedures of the TFDA, then a teacher's remedy is to file suit for a breach of contract. *See id.* This would apply to probationary teachers and non-probationary teachers alike where the procedures are not followed, rendering any TFDA act void, and opening the grievance to any remedy available at law.

This is not the allegation before us. We are faced with deciding whether a probationary teacher may pursue a cause of action for breach of contract independently of the TFDA. Appellee contends that the TFDA does not prohibit her from seeking other remedies at law, including breach of contract. Arkansas Code Annotated section 6-17-1510(a) mandates that any decision

on non-renewal of a probationary teacher is final, but it does not include "termination." In addition, the supreme court held in *McGee, supra,* that where a probationary teacher had no right to appeal from the school board's decision, McGee "must therefore pursue any common law remedies he may have." *Id.* at 64. A person may be liable for breach of contract if the complaining party can prove the existence of an agreement, breach of the agreement, and resulting damages. *Ultracuts Ltd. v. Wal-Mart Stores, Inc.,* 343 Ark. 224, 231-232, 33 S.W.3d 128 (2000); *Sexton Law Firm, P.A. v. Milligan,* 329 Ark. 285, 298, 948 S.W.2d 388, 395 (1997); *Rabalaias v. Barnett,* 284 Ark. 527, 683 S.W.2d 919 (1985).

■ Based upon the specific language, or lack thereof, in the relevant statute, and based upon our supreme court's interpretation of the rights and remedies available to teachers in our state, we cannot say that the trial court erred as a matter of law in declining to dismiss this breach-of-contract action.

This brings us to the second part of appellant's argument on appeal, which is that the trial court's finding, that appellee met her burden of proof, was in error. The employment contract provided for a certain pay for a year's work as a probationary teacher. The contract was subject to the personnel policy of the school district, which outlined the procedures for termination by referring to the TFDA. However, the handbook specifically stated that it did not adopt the TFDA as part of the personnel policy. The handbook does not set forth reasons for termination. Therefore, it was incumbent upon appellee to prove by a preponderance of the evidence that she was terminated without good cause.

■ A contract for a definite term may not be terminated before the end of the term, except for cause or by mutual agreement, unless the right to do so is reserved in the contract. *See Griffin v. Erickson,* 277 Ark. 433, 642 S.W.2d 308 (1982). Whether justification exists for termination of the contract under the facts and circumstances of a particular case is usually a question of fact. *Joshua v. McBride,* 19 Ark. App. 31, 716 S.W.2d 215 (1986). This determination was left to the finder of fact, which in this case was the trial judge. The trial judge found that appellee had met her burden of proof. This determination was essentially left to a credibility finding. The standard of review of a circuit court's findings of fact after a bench trial is whether those findings are clearly erroneous. *First Nat'l Bank v. Garner,* 86 Ark. App. 213, 167 S.W.3d 664 (2004). A finding is clearly erroneous when, although

there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.* In deferring as we must to those findings made by the trial court, we cannot say that the trial court's findings are clearly erroneous.

Thus, the order on appeal is affirmed.

VAUGHT and BAKER, JJ., agree.