104 Ark.App. 245

**Randy WEISENBACH, Appellant,**

v.

**Larry and Melissa KIRK, Dewayne and Rhonda Smith, Appellees.**

**No. CA 08–508.**

Court of Appeals of Arkansas.

Jan. 7, 2009.

Lyons, Emerson & Cone, PLC, by: Scott Emerson, Jonesboro, for appellant.

M. Joseph Grider, Pocahontas, for appellees.

JOHN B. ROBBINS, Judge.

This appeal arises from a circuit court's vacation of a platted but unused section of a road in a subdivision. For the reasons expressed below, we affirm the trial court's decision to vacate the road.

Appellees Larry and Melissa Kirk own Lot 23 in a subdivision platted in 1979 called Rolling Hills Estates 2nd Addition, outside Pocahontas, in Randolph County. Appellees Dewayne and Rhonda Smith own Lot 22 in that subdivision. Appellant Randy Weisenbach owns property outside and adjacent to the subdivision. A portion of one of the dedicated streets in appellees' subdivision, Rolling Hills Drive, runs between their lots and ends at appellant's property line, to the north. Although this section of the road was dedicated on paper, it was never constructed. Appellant purchased his property, which fronts on Johnson Church Road, in 2004, and created and filed a plat of Rolling Meadows Subdivision there in March 2005. On his plat, a street labeled "Paradise Trail" is laid out in such a way as to connect to the platted north end of Rolling Hills Drive. Appellant asserts that his property "abuts" Rolling Hills Drive because Paradise Trail and Rolling Hills Drive would connect, if they both were constructed. Appellees take the position that appellant is not an abutting property owner in relation to the unbuilt portion of Rolling Hills Drive or within the context of the statutory scheme by which such dedicated streets may be vacated.

In January 2005, appellees filed a petition under Arkansas Code Annotated § 14–18–105 (Repl.1998) to vacate this section of Rolling Hills Drive, alleging that it had never been used as a road. Appellant filed an objection, arguing that he planned to develop his property as a subdivision and connect Rolling Hills Drive, via Para-

dise Trail, to Johnson Church Road. The county court granted the petition to vacate and appellant appealed to the circuit court. In support of their petition, appellees presented the testimony of neighbors Alan Van Winkle, Tina Sharp, Gary Barker, and Carolyn Lowell; former neighbor Bill Harper; appellee Larry Kirk; and appellee Dewayne Smith. Their testimony was essentially that, before this dispute, people had used the area for hunting, cutting hay, riding four-wheelers and motorcycles, and taking walks, but had never used it as a road; that it had never been graded; and that no one had actual knowledge that it had been platted as a road. Mr. Kirk testified that there were no ruts in the field until appellant created some in January 2005.

Appellant testified that, like others, he had used the road before he owned his property, while doing some work for the previous owners of his property. He described the area in dispute as a grassy field road with a rut down one side. He stated that, when he purchased his land, it was important to him that Rolling Hills Drive be a through street because he planned to develop a subdivision. Appellant presented the testimony of three former owners of his property, Stanley Camp, Glendon Matthews, and David Matthews, to support his position.

The trial court entered its decision on January 22, 2008, stating:

3. The Court finds that even though the area was platted as a road no road bed, culverts, or other features associated with a road were ever constructed or placed in the area of the platted road.

4. The Court finds that Ark.Code Ann. § 14–18–105 and 106 do apply to this situation and must be read together to determine the procedure to be used to petition the County Court to abandon the road. The Court finds that the phrase "owner of all lots and blocks abutting upon any street ..." in Ark. Code Ann. § 14–18–106(a)(1) does not require that all abutting property owners must join or consent to the action, but that all are to be made parties to the action so that their voices may be heard by the County Court requiring the request to vacate or abandon the road. The road [appellees] are requesting to be vacated was not platted to benefit [appellant] and others in his addition because the person who had the road area platted did not own the adjoining parcel of property. The fact that the plat of [appellant's] addition names the road something different is evident of this intent to not have the road in question be a continuance of said road.

. . . .

6. The Court further finds that the road being vacated is not against the interest of the public nor will it prevent ingress or egress to the lots of other property owners in the area as is addressed in Ark.Code Ann. § 14–18–107(b).

7. The Court further finds that for more than five (5) years prior to the filing of this action the use of the area platted as the road does not arise to such a use that it would cause [appellees] to think that the area was in fact being used as a road. Such occasional use of the area by an ATV or other vehicle does not in the Court's mind create notice that [appellant] or others are using the area as a road or using the area against the interest of [appellees].

Appellant then pursued this appeal.

When an owner of land files a plat and thereafter lots are sold with reference to it, such action constitutes an irrevocable dedication of any street or passageway for public use shown or indicated on the plat. *City of Sherwood v. Cook*, 315 Ark. 115, 865 S.W.2d 293 (1993). Title

acquired by dedication to the public is an easement, with the fee remaining in the adjacent landowner. *Ark. State Hwy. Comm'n v. Sherry*, 238 Ark. 127, 381 S.W.2d 448 (1964). The public's right to use a dedicated roadway extends to the whole breadth of it, not merely to the part that is constructed or actually traveled. *Id.* However, there is a statutory process for vacating a dedicated roadway in platted subdivisions located outside the limits of a municipality. *See* Ark.Code Ann. §§ 14–18–101 through 110 (Repl.2008).

The plain wording of Arkansas Code Annotated § 14–18–105 (Repl.1998) connotes that, where streets and passageways have been platted but never used or, if used at one time, have not been used for a period of five years, the county court is empowered to declare such passageways closed and vacated, if it finds those facts to exist:

In all cases where the owner of lands situated in a county and outside of a city of the first or second class or incorporated town has dedicated a portion of the lands as streets, alleys, or roadways by platting the lands into additions or subdivisions and causing the plat to be filed for record in the county and any street, alley, or roadway, or portion thereof shown on the plat so filed shall not have been opened or actually used as a street, alley, or roadway for a period of five (5) years, or where any strip over the platted lands, although not dedicated as a street, has been used as a roadway, the county court shall have power and authority to vacate and abandon the street, alley, or roadway, or a portion thereof, by proceeding under the conditions and the manner provided in this chapter.

On appeal, appellant first argues that the trial court erred in vacating Rolling Hills Drive because all abutting landown-

ers did not join in the petition, citing Arkansas Code Annotated §§ 14–18–106(a)(1) and 107(a) (Repl.1998). Although we do not agree with the trial court that section 14–18–106(a)(1) does not require all abutting property owners to join or consent to the action, we affirm for another reason: as explained below, appellant was not an abutting landowner within the meaning of that statute.

Arkansas Code Annotated section 14–18–106 (Repl.1998) states:

(a)(1) The owners of all lots and blocks abutting upon any street, alley, or roadway, or portion thereof, desired to be vacated shall file a petition in the county court requesting the court to vacate it.

(2) The petition shall clearly designate or describe the street, alley, or roadway, or portion thereof, to be vacated, give the name of the addition in which they are located and the date the plat was filed, and attach as an exhibit a certified copy of the plat.

(b)(1) Upon the filing of the petition, the county clerk shall promptly give notice, by publication once a week for two (2) consecutive weeks in some newspaper published in the county and having a general circulation therein, that the petition has been filed and that on a certain day therein named the county court will hear all persons desiring to be heard on the question of whether the street, alley, or roadway, or portion thereof, shall be vacated.

(2) The notice shall give the names of property owners signing the petition, clearly describe the street, alley, or roadway, or portion thereof, to be vacated, and give the name of the addition in which they are located.

Arkansas Code Annotated section 14–18–107 (Repl.1998) provides: [1]

(a) If the county court shall find that the petition should be granted, either in whole

1. Arkansas Code Annotated section 14–18–108 (Repl.1998) provides for an appeal:

(a) At the time named in the notice, the parties signing the petition and any other parties owning lots or blocks in the platted lands not abutting on the streets, alleys, or roadways, or portions thereof, to be vacated or otherwise affected by the vacation shall be heard; and the court shall determine whether the streets, alleys, roadways, or portion thereof, should be vacated as proposed in the petition.

(b) No street, alley, or roadway, or portion thereof, shall be vacated if the court finds that it would be against the interest of the public or that no means of ingress and egress would be left to any lots in the addition not abutting on them, unless the owners of the lots file their written consent to the vacation with the court.

We review issues of statutory construction de novo. *Mamo Transp., Inc. v. Williams*, 375 Ark. 97, 289 S.W.3d 79 (2008). The basic rule of statutory construction is to give effect to the intent of the General Assembly. *Id.* In determining the meaning of a statute, the first rule is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* We construe the statute so that no word is left void, superfluous, or insignificant, and meaning and effect are given to every word in the statute if possible. *Id.* When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need to resort to rules of statutory construction. *Id.* However, we will not give statutes a literal interpretation if it leads to absurd consequences that are contrary to legislative intent. *Id.* We strive to reconcile statutory provisions relating to the same subject to make them sensible, consistent, and harmonious. *City of Jacksonville v. City of Sherwood*, 375 Ark. 107, 289 S.W.3d 90 (2008).

 Although we construe section 14–18–106(a)(1) as requiring all abutting property owners to join in the petition, the trial court reached the right result. We may affirm the trial court if it is correct for any reason. *Fritzinger v. Beene*, 80 Ark.App.

---

or in part, it shall enter an order vacating the streets, alleys, roadways, or portions thereof.

(b)(1) The finding and order of the county court shall be conclusive on all parties having or claiming any rights or interest in the streets, alleys, roadways, or portions thereof, vacated. However, an appeal may be taken to the circuit court and perfected within thirty (30) days from the entry of the order, and an appeal may be taken from the circuit court to the Arkansas Supreme Court and perfected within thirty (30) days from the entry of the order of the circuit court.

(2) A certified copy of the order shall be filed in the office of the recorder of the county and recorded in the deed records of the county.

(c)(1) The costs of the publication of the notice, the recording of the order, and the court costs shall be paid by the petitioners.

(2) The court costs shall be paid by parties who unsuccessfully contest the petition.

Arkansas Code Annotated section 14–18–109 (Repl.1998) addresses assessment of the vacated road:

(a) The owners of all lots abutting on the streets, alleys, or roadways, or portions thereof, vacated by an order of the county court, as provided for in § 14–18–108, shall have the right to have reduced to acreage such lots and the streets or alleys so vacated by petition to the county court where the property is situated.

(b) The county court shall promptly hear the petition and, upon proper showing that it is signed by all of the owners, shall order that the lots and streets, alleys, or roadways be reduced to acreage, and they shall thereafter be assessed as acreage for taxation of all kinds.

(c) The petition may be included in the petition for the vacation of the streets, alleys, or roadways, and the order may be included in the order vacating it, or the petition may be filed and the order entered separately.

416, 97 S.W.3d 440 (2003). The statutory scheme found in this chapter is focused upon the land included within the recorded plat, not upon the property outside, or even contiguous to, the subdivision. Only dedicated roadways that are within the platted addition or subdivision can be vacated pursuant to this process. These statutes are primarily concerned with the rights of the owners who bought property in reference to the plat. Section 14–18–106(b)(2) clearly contemplates that the property owners signing the petition own property in the addition that contains the road to be vacated. Appellant's property does not front the vacated road and lies outside the subdivision. Therefore, his ownership of Rolling Meadows Estates would not bring him within the terms of that statute, and he did not need to sign the petition or consent to it. To hold that appellant is an "abutting" landowner within the contemplation of these statutes and a necessary signer of the petition to vacate, would lead to an absurd result contrary to the General Assembly's intent. At most, appellant was entitled to an opportunity to be heard as a member of the public or "any other part[y] ... otherwise affected by the vacation," and he was afforded that right. *See* Ark.Code Ann. § 14–18–107(a).

 In his next point, appellant argues that the trial court erred in finding that the road had not actually been used for five years, which was a question of fact. We will not reverse the trial court's findings of fact unless they are clearly erroneous. *Greenwood Sch. Dist. v. Leonard,* 102 Ark.App. 324, 285 S.W.3d 284 (2008). It is obvious that the trial court credited the testimony of appellees and their witnesses over that of appellant and his witnesses, and we cannot say that this finding of fact is clearly erroneous.

Appellant further contends that the trial court mistakenly applied an adverse-pos-session or prescriptive-easement standard in reaching its decision and in placing the burden of proof on him. We disagree. The trial court's statements about appellees' notice of the platted road and about using it "against [appellees'] interest" are irrelevant in light of the court's sensible construction of the statutes and the evidence supporting its findings of fact.

 Appellant next argues that the circuit court erred in finding that it would not be contrary to the interests of the public to close this road. The standard of review requires that we affirm the circuit court's finding of fact regarding the interests of the public unless it is clearly erroneous. *See Greenwood Sch. Dist. v. Leonard, supra.* Given the testimony about the potential for increased traffic in Rolling Hills Subdivision, this finding was not clearly erroneous.

 In his last point, appellant contends that, even if the trial court was correct in vacating the road, it erred in failing to recognize his independent right to ingress and egress, citing *Tweedy v. Counts,* 73 Ark.App. 163, 169–70, 40 S.W.3d 328, 333 (2001), where we stated:

> In the instant case, even though there was a valid road closing and Randolph County no longer has any responsibility for maintenance, appellants, as abutting property owners, still have a right to use the old road for ingress and egress to their property, and the chancellor erred in finding otherwise.

*Tweedy,* however, involved closure proceedings brought under a different statutory process, and, as discussed above, appellant was not an abutting landowner within the contemplation of the statutes that are applicable here. Additionally, section 14–18–107(b) only preserves ingress and egress rights to any lots in the addition not abutting the road to be vacated if they were left with no means of ingress and

egress. Appellant's property is not included within this addition, and he has other means of ingress and egress.

Affirmed.

BAKER and HART, JJ., agree.

