John McGEE *v.* ARMOREL PUBLIC SCHOOLS, et al.

91-308                              827 S.W.2d 137

Supreme Court of Arkansas
Opinion delivered March 30, 1992

*Mitchell & Roachell*, by: *Richard W. Roachell*, for appellant.

*Laser, Sharp, Mayes, Wilson, Bufford, & Watts, P.A.*, by:

*Brian Allen Brown* for appellees.

DONALD L. CORBIN, Justice. Appellant, John McGee, appeals an order of dismissal entered by the Mississippi County Chancery Court. McGee filed his complaint in chancery court seeking equitable relief from actions taken by the Armorel Public School district with respect to the termination or nonrenewal of his contract. The chancellor concluded that pursuant to the Teacher Fair Dismissal Act, McGee was a nonprobationary teacher and as such, his exclusive remedy from the board's actions was an appeal to circuit court. Accordingly, the chancellor dismissed the complaint for lack of subject matter jurisdiction. This appeal requires our interpretation of part of the Teacher Fair Dismissal Act, specifically Ark. Code Ann. § 6-17-1502 (1987). Our jurisdiction is pursuant to Ark. Sup. Ct. R. 29(1)(c). We find the chancellor erred in determining McGee was a nonprobationary teacher, therefore we reverse and remand.

The portions of the Teacher Fair Dismissal Act that are relevant to this appeal provide as follows:

Ark. Code Ann. § 6-17-1502

(a)   As used in this subchapter, unless the context otherwise requires:

.  .  .  .

(2)   "Probationary teacher" means a teacher who has not completed three (3) successive years of employment in the school district in which the teacher is currently employed. A teacher employed in a school district in this state for three (3) years shall be deemed to have completed the probationary period; however, an employing school district may, by a majority vote of its directors, provide for one (1) additional year of probationary status.

(b)   A teacher who has completed three (3) successive years of employment in the school district in which the teacher is employed on July 4, 1983, or a teacher who has been given credit for a prior service in another district as authorized by subdivision (a)(2) of this section, is deemed to have completed the required probationary period.

Ark. Code Ann. § 6-17-1510 (1987)

(a) Upon conclusion of its hearing with respect to the termination or nonrenewal of a contract of a teacher who has been employed as full-time teacher by the school district for less than three (3) continuous years, the board shall take action on the recommendations by the superintendent with respect to the termination or nonrenewal of such contract. *The board's decision with regard to nonrenewal of a probationary teacher shall be final.*

. . . .

(d) *The exclusive remedy for any nonprobationary teacher aggrieved by the decision made by the board shall be an appeal therefrom to the circuit court* of the county in which the school district is located, within seventy-five (75) days of the date of written notice of the action of the board. Additional testimony and evidence may be introduced on appeal to show facts and circumstances showing that the termination or nonrenewal was lawful or unlawful. [Emphasis added.]

McGee's complaint was filed in chancery court and sought a declaration that the revocation of his resignation was effective and the school board's acceptance of his resignation was therefore void, a declaration that the school district was in violation of the Teacher Fair Dismissal Act by failing to comply with the notice procedures for nonrenewal or termination of his contract, and an injunction requiring reinstatement to his position for the 1991-92 school year. The school district's answer asserted that McGee failed to state a claim upon which relief could be granted because his exclusive remedy for the alleged wrongdoing was an appeal to circuit court pursuant to the Teacher Fair Dismissal Act and that McGee did not have a separate cause of action in the chancery court.

After a hearing on McGee's complaint, the chancellor reviewed the testimony, exhibits, and briefs and entered his order. In his order, the chancellor found:

1. That Plaintiff, John McGee, is a non-probationary teacher as defined by *Ark. Code Ann.* § 6-17-1502(a)(2), having been employed for two (2) years in Decatur, Arkansas, and having completed two (2) addi-

tional years in the Armorel School District, that the second sentence of the statute cited above clearly states that a teacher employed in *a school district* in this state for three (3) years *shall be deemed* to have completed the probationary period. The two (2) sentences of the statute are not in conflict, but provide two (2) methods of achieving nonprobationary status, i.e., three (3) years in a single district, or a total of three (3) years in school districts in the State of Arkansas:

2. That under *Ark. Code Ann.* § 6-17-1510(d), "The exclusive remedy for any non-probationary teacher aggrieved by the decision made by the board shall be an appeal therefrom to the Circuit Court. . ."

3. That this Court is without jurisdiction and the case shall be dismissed.

IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED that the Plaintiff's Petition for a Preliminary Injunction should be and is hereby denied; it is, also, ORDERED that Plaintiff's Complaint should be and is hereby dismissed at cost to the Plaintiff.

On appeal, McGee argues the trial court erred in dismissing his complaint because he is, as a matter of law, a probationary teacher with the right to address any appropriate forum with his cause of action. He contends there is only one way to achieve nonprobationary status—to complete three successive years of employment in the same school district. Thus, he argues the chancellor erred in "tacking-on" his two years of teaching in the Decatur, Arkansas school district with his two years in the appellee school district to reach the conclusion that he has taught three years in Arkansas schools and is therefore a nonprobationary teacher. The Armorel School District defends the chancellor's ruling by arguing that any interpretation other than the chancellor's would render the second sentence of section 6-17-1502(a) meaningless. The appellee school district contends that, as the chancellor stated in his order, the second sentence provides a second method of achieving nonprobationary status—completing three years of teaching in a combination of any school districts in the state. The Act has two reasonable interpretations and is therefore ambiguous.

■ We must look to rules of statutory construction to determine which interpretation is correct. Where the language of a statute is plain and unambiguous, we give the language its plain meaning. *Bishop* v. *Linkway Stores, Inc.*, 280 Ark. 106, 655 S.W.2d 426 (1983). However, when the statute is ambiguous, we must give effect to the intent of the legislature in adopting the statute. *Graham* v. *Forrest City Housing Auth.*, 304 Ark. 632, 803 S.W.2d 923 (1991).

■ Because the Act is ambiguous with respect to the definition of probationary teacher, we must determine the legislative intent behind the Act. *Id*, In doing so, we are unwilling to focus on subsection (a) without reference to the remainder of the Act. We determine the intent of the legislature from the language of the whole act. *First State Bank* v. *Arkansas State Banking Bd.*, 305 Ark. 220, 806 S.W.2d 624 (1991); *Cozad* v. *State*, 303 Ark. 137, 792 S.W.2d 606 (1990). As far as practicable, we must give effect to every part of the statute, reconciling the different provisions to make them consistent, harmonious, and sensible. *Shinn* v. *Heath*, 259 Ark. 577, 535 S.W.2d 57 (1976).

Considering the entire Teacher Fair Dismissal Act, we conclude the legislature never intended to allow a teacher to combine his or her years of teaching in different school districts to achieve nonprobationary status. There is but one method for achieving nonprobationary status and that is by completing three successive years of teaching in a single school district in this state.

In reaching this interpretation, we do not ignore the appellee school district's contention that such an interpretation conflicts with the second sentence of section 6-17-1502(a) and renders it meaningless. In fact, it is the last clause of that second sentence that convinces us we have correctly interpreted the statute. The legislature never intended to require a school district which was considering employing a teacher who had achieved nonprobationary status in another district, to employ that teacher on a nonprobationary status. That is the very purpose behind the last clause of the second sentence in section 6-17-1502(a)(2), which allows the employing district to put the nonprobationary teacher back on probationary status for one year. That we have correctly interpreted the General Assembly's intent with respect to achieving nonprobationary status is confirmed by the reference in

section 6-17-1502(b) to "credit for *a* prior service in *another* district as authorized by subdivision (a)(2) of this section." (Emphasis added.)

■ The chancellor erred in finding that because McGee had completed two years of teaching in the Decatur School District and two years in the appellee district, he had completed three years in "a school district in Arkansas" and was therefore no longer a probationary teacher. McGee had not yet completed his third year contract with the appellee district. Thus, applying the Teacher Fair Dismissal Act, he was a probationary teacher. As a probationary teacher, McGee does not have a statutory right to appeal to circuit court the school board's decision of nonrenewal of his contract. *Head* v. *Caddo Hills School Dist.*, 277 Ark. 482, 644 S.W.2d 246 (19982); *Nordin* v. *Hartman Public Schools*, 274 Ark. 402, 625 S.W.2d 483 (1981); Section 6-17-1510(d). McGee must therefore pursue any common law remedies he may have. As a chancery court has jurisdiction of a claim for declaratory and injunctive relief where no money damages are alleged, we conclude the chancery court erred in dismissing McGee's complaint for lack of subject matter jurisdiction.

Reversed and remanded.

GLAZE, J., not participating.