Stacy Davanoe BOYD *v.* STATE of Arkansas

CR 93-12                              853 S.W.2d 263

Supreme Court of Arkansas
Opinion delivered May 17, 1993

*Richard Quiggle, P.A.,* by: *Julia Mehyou,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Teena L. White,* Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant was seventeen years old when he was questioned by detectives about his involvement in the burglary of a pawn shop in Little Rock. He was advised by one of the detectives of his *Miranda* rights, waived those rights, and gave two incriminating statements. He was charged in circuit court with the felonies of burglary and theft. He moved to

suppress his statements because his mother did not consent to the waiver of his *Miranda* rights. The circuit court denied the motion, and appellant was convicted of both felonies. He appeals. The court of appeals certified the case to this court. We affirm the judgments of conviction.

Appellant, in his sole point of appeal, contends that the circuit court erred in refusing to suppress his custodial statements. He contends that the constitutional safeguards for juveniles set out in *Edwards* v. *Arizona*, 451 U. S. 477 (1981), have been extended by statute in this State. His two-step argument is based on the juvenile code and is as follows. First, he was seventeen years of age at the time he waived his *Miranda* rights, and those rights include the right to counsel. Section 9-27-303(1)(A) of the Arkansas Code Annotated of 1987 provides that anyone under eighteen years of age is a juvenile. Thus, he was a juvenile who waived his right to counsel. Second, section 9-27-317 of the Code provides that a juvenile cannot waive the right to counsel unless the court finds that the custodial parent consented in writing to the decision to waive the right to counsel. His custodial parent, his mother, did not agree in writing with the decision to abandon his rights. Thus, he concludes that he could not have waived his right to counsel and that the circuit court erred in refusing to suppress his custodial statements.

Appellant's argument assumes that the statutory provision requiring the custodial parent to consent to the waiver applies to proceedings in circuit court. That assumption is fallacious. The juvenile code provides that when a case involves a juvenile sixteen years old or older, "and the alleged act would constitute a felony if committed by an adult, the prosecuting attorney has the discretion to file a petition in juvenile court alleging delinquency, or to file charges in circuit court *and to prosecute as an adult*." Ark. Code Ann. § 9-27-318(c) (Repl. 1991) (emphasis added). The language is clear. A juvenile over sixteen years of age may be prosecuted "as an adult." When the words used in a statute have a well-defined meaning, and the wording of the statute is clear, we give those words their plain meaning. *McGee* v. *Armorel Pub. Schs.*, 309 Ark. 59, 827 S.W.2d 137 (1992). The plain meaning of the words "the prosecuting attorney has the discretion to file . . . in circuit court and to prosecute as an adult" is that when the prosecutor chooses

to prosecute a juvenile in circuit court as an adult, the juvenile becomes subject to the procedures and penalties prescribed for adults. The language can have no other meaning.

Equally important, the section of the juvenile code requiring parental consent to a waiver is limited to proceedings in the juvenile division of chancery court. It provides that "[w]aiver of the right to counsel shall be accepted only upon a finding by *the court* from clear and convincing evidence . . . that . . . the parent . . . agreed with the juvenile's decision to waive the right to counsel." Ark. Code Ann. § 9-27-317 (Repl. 1991). The term "court" is defined as "the Juvenile Division of Chancery Court." Ark. Code Ann. § 9-27-303(8) (Repl. 1991). Again, the language is clear. In addition, a particular provision in a statute must be construed with reference to the statute as a whole. *State* v. *Brown,* 283 Ark. 304, 675 S.W.2d 822 (1984) (quoting 2A Sutherland, *Statutory Construction* § 46.05). The whole act refers only to proceedings in juvenile court. Since appellant was never prosecuted as a delinquent in the juvenile division of chancery court, the quoted provision is not applicable.

Finally, while we have no previous holding on the specific argument made in this appeal, we have addressed the admissibility of statements of juveniles who were tried as adults. In both cases decided after the Juvenile Code was adopted in 1989, we looked at the totality of the circumstances surrounding the waiver to determine whether it was voluntarily and knowingly and intelligently given. *See Johnson* v. *State,* 307 Ark. 525, 823 S.W.2d 440 (1992) and *Porchia* v. *State,* 306 Ark. 443, 815 S.W.2d 926 (1991). In *Johnson,* we specifically considered that the appellant was only sixteen years of age and that no adult member of his family was present when he was warned of, and waived, his *Miranda* rights and gave a statement. Still, under the totality of the circumstances, we held that the statement was admissible. Accordingly, the circuit court did not err in refusing to grant the motion to suppress.

Affirmed.

NEWBERN and GLAZE, JJ., dissent.

DAVID NEWBERN, Justice, dissenting. "Waiver of the right to counsel shall be accepted only upon a finding by the court from

clear and convincing evidence, after questioning the juvenile, that . . . [t]he parent, guardian, custodian, or attorney agreed with the juvenile's decision to waive the right to counsel." Thus provides Ark. Code Ann. § 9-27-317(a)(3) (Repl. 1991). Although that Statute is part of the Arkansas Juvenile Code of 1989 and is included among sections dealing with proceedings to be conducted by the juvenile divisions of chancery courts, it contains no limitation requiring its use only in such proceedings.

One of the goals of the Juvenile Code is,

> To protect society more effectively by substituting for retributive punishment, whenever possible, methods of offender rehabilitation and rehabilitative restitution, recognizing that the application of sanctions which are consistent with the seriousness of the offense is appropriate in all cases. [Ark. Code Ann. § 9-27-302(3) (Repl. 1991).]

This decision will guarantee that the purpose of, and the flexibility envisioned by, the statutory language will not be achieved in cases like this one.

If the Court's opinion is correct, when a juvenile like Boyd waives the right to counsel without the required guidance and confesses, the prosecutor choosing whether to charge the juvenile in a juvenile court or in a circuit court must file felony charges in a circuit court or risk suppression of the confession for non-compliance with § 9-27-317. A Statute designed to protect juveniles thus will result in their being subjected to greater punishment, and the rehabilitation goals of the Juvenile Code will be subverted.

A juvenile accused of a felony, and thus facing the possibility of being prosecuted as an adult, obviously has more need for parental guidance than one facing delinquency proceedings. Surely the General Assembly did not intend the Statute to result in curtailment of a protection the juvenile would otherwise have.

We have often rejected statutory interpretations resulting in absurdity or injustice or which defeat the plain purpose of the law. *See, e.g., Campbell* v. *State*, 311 Ark. 641, 846 S.W.2d 639 (1993); *Ragland* v. *Allen Transformer Co.*, 293 Ark. 601, 740 S.W.2d 133 (1987); *Ragland* v. *Alpha Aviation, Inc.*, 285 Ark.

182, 686 S.W.2d 391 (1985). We should do so in this case and hold that, although the Statute is part of the Juvenile Code, it applies at least to a juvenile who, while being interrogated and before being charged or made the subject of a delinquency proceeding, waives the right to counsel.

I respectfully dissent.