Mr. Kent Rubens, Chairman Crittenden County Election Commission c/o Sloan, Rubens Peeples P.O. Box 768 West Memphis, Arkansas 72303-0768
Dear Mr. Rubens:
This is in response to your request, and the request of Election Commissioner Barbara Dodge, for an opinion on four questions concerning the provision of assistance to voters who inform election officials that they need assistance in the voting booth. The questions posed involve the sufficiency of the reason given for requesting assistance, and the procedure to be followed in providing the requested assistance. A final question inquires whether A.C.A. § 7-9-109(b)(1987) allows a political party, if no election officials representing that party can be found in a particular precinct, to "bring in" election officials from outside the designated precinct, but from within the county.
I must note from the outset that this office has received formal notice under the "Voting Accessibility for the Elderly and Handicapped Act" 42 U.S.C. 1973 ee(1) — ee(6), that the first four questions posed will soon be the subject of pending litigation. It is the staunch policy of this office, consonant with the separation of powers doctrine, to decline to issue opinions on questions which are the subject of pending litigation. I must therefore decline to offer an opinion on the first four questions posed.
With regard to the final question posed, whether election officials residing outside a particular precinct but within the county can be brought in by a particular political party if no residents of the precinct are available, it is my opinion that after the effective date of Act 715 of 1993, the answer to your question is a qualified "yes." Prior to the effective date of Act 715 of 1993, it appears that the answer to your question is either "yes," or "yes" with the same qualification noted above. The qualification is that election officials residing outside the precinct, but within the county can only be "brought in" by a particular political party after a unanimous vote of the county board of election commissioners to the effect that it is impossible to obtain qualified election officials from a particular precinct. If such a vote takes place, it appears that the election commissioner or commissioners responsible for the appointment could then appoint an individual or individuals residing outside the precinct but within the county. Seegenerally, A.C.A. § 7-4-107(1987) with regard to the power of appointment.
Prior to the effective date of Act 715 of 1993, however, it is unclear whether these officials are required in the first instance to be residents of the precincts in which they serve, and therefore whether a finding of impossibility by the board prior to the appointment of a person residing outside the precinct is necessary. It is unclear, additionally, whether residence in the precinct is constitutionally compelled. Seee.g. Arkansas Constitution, art. 3, § 10, and art. 19, §§ 3 and 4. Resolution of the question prior to the effective date of Act 715 would therefore require a judicial determination.
Section 7-4-109(b) (1987) was recently amended by Act 715 of 1993. The amendment takes effect August 13, 1993. The amended statute provides that:
 Furthermore, all members of each county board of election commissioners shall be residents of the county in which they serve at the time of their appointment or election. All precinct judges and clerks shall be residents of the precincts in which they serve at the time of their appointment.
However, if at the time of posting election officials, the county board of election commissioners shall, by unanimous vote, find that it is impossible to obtain qualified election officials from any precinct or precincts and shall make certification of that finding to the county clerk, then other qualified citizens of the county may be designated to serve in the precinct or precincts. [Emphasis added.]
The new law clearly requires election judges and clerks to be residents of the precinct in question, but allows the appointment of non-residents upon a unanimous vote of the board. Before this amendment takes effect, it is unclear whether election officials are required in the first instance to reside in the precinct in which they serve. Such a requirement existed at least from 1969 until 1987. See Act 465 of 1969, art. 5, § 4; Act 451 of 1971, § 2; and Act 41 of 1972 (Ex. Sess), § 2. In 1987, however, Section 5 of Act 248 of that year appears to have removed the requirement that election officials be residents of the precinct, requiring only that they be residents of the county. That act retained, however, the old exception to the precinct residency requirement, which allowed, in certain counties, the appointment of officials from outside the precinct where precinct residents were not available. It appears from the legislative history that the intent of this 1987 amendment was to remove the requirement of precinct residency for judges and clerks. The language of the statute was clearly amended to reflect this result. Such a construction, however, would render the language of the retained exception surplusage — a result which is not favored under principles of statutory construction. See e.g., McGee v.Armorel Public Schools, 309 Ark. 59, 827 S.W.2d 137 (1992).But see City of Fort Smith v. Tate, 38 Ark. App. 172,832 S.W.2d 262 (1992), aff'd 311 Ark. 405, 844 S.W.2d 356. In addition, it is unclear whether Arkansas Constitution, art. 19, §§ 3 and 4 would require residency in the precinct, thus weighing in favor of construing the statute to this effect. See UrreyCeramic Tile Co. v. Mosley, 304 Ark. 711, 805 S.W.2d 54 (1991).
It is therefore unclear under the law in effect until August 13, 1993, whether election officials are in the first instance required to be residents of the precinct in which they serve. If such residence is required, the law in effect until August 13, 1993 authorizes the appointment of election officials from outside a particular precinct, but within the county, if the board finds by unanimous vote that none are available from within the precinct. See A.C.A. § 7-4-109(b)(1987). If residence in the precinct is not required, officials from outside the precinct may simply be appointed under A.C.A. 7-4-107 by the appropriate commissioner or commissioners without the need for a finding that none are available. A definitive resolution of this question would require a judicial determination. In any event, the law does not appear to authorize the appointment of officials who do not reside in the county.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh