The Honorable Paul R. Bosson Prosecuting Attorney Eighteenth Judicial District, East 501 Ouachita Avenue Hot Springs, Arkansas 71901
Dear Mr. Bosson:
This is in response to your request for an opinion concerning the Litter Control Act. It is my understanding that the sheriff of Garland County recently issued a citation to a resident on Lake Hamilton for dumping large quantities of leaves, raked from his yard, into the lake. Specifically, you inquire as to "whether leaves are considered trash, and therefore litter, within the meaning of the Arkansas Litter Control Act." It is my opinion that the answer to your question is "no."
The Litter Control Act is codified at A.C.A. §§ 8-6-401 through -416 (Repl. 1993). It is contained within chapter six of the Arkansas Code which generally governs the "Disposal of Solid Wastes and other Refuse." Misdemeanor penalties are provided in § 8-6-404 of the Act for any unlawful disposal of litter as set forth in §§ 8-6-406 through -408. "Litter" is defined in § 8-6-403 (2) as follows:
 "Litter" means all waste material which has been discarded or otherwise disposed of as prohibited in this subchapter, including, but not limited to, convenience food and beverage packages or containers, trash, garbage, all other product packages or containers, and other postconsumer solid wastes. Litter does not include wastes from the primary processing of mining, logging, sawmilling, or farming, the raising of poultry, manufacturing, or wastes deposited in proper receptacles.
Although included in the above definition, the word "trash" is not defined anywhere under the Act. However, the other enumerated items and subsequent reference to "other postconsumer solid wastes" in this definition, as well as additional statutes in the Act, reveals, in my opinion, that the legislature intended to confine the act of littering largely to the disposal of manmade products, rather than yard waste, such as leaves. The intent of the General Assembly is to be determined from the entire act. McGee v. Armorel Public Schools, 309 Ark. 59,853 S.W.2d 263 (1992). For example, much of the Act is concerned with the disposal of items such as junk motor vehicles, tires, and household appliances. See A.C.A. §§ 8-6-405, -408, and -413 through -416. The remaining statutes address littering from motor vehicles, § 8-6-409, the posting of public notice regarding penalties for littering, § 8-6-410, and the placement of litter receptacles along public highways, § 8-6-411.
Although it does not appear that leaves fall under the definition of "litter" as contemplated by the Litter Control Act, it should be noted that this type of debris would, in my opinion, fall within the broad definition of "solid waste," the illegal disposal of which is prohibited under subchapter six, the "Arkansas Solid Waste Management Act," A.C.A. §§ 8-6-201 through -222. Section 8-6-203(4) applies the subchapter to "any persons" and subsection (5) defines "solid wastes," in part, as "all . . . refuse in solid or semisolid form . . . resulting from . . . residential activities." Section 8-6-205 makes it unlawful to dispose of solid wastes resulting from household activities at any nonpermitted disposal site, and even on an individual's own land if such disposal creates a public or private nuisance or violates a city ordiance or other law. See also § 8-6-203(2) for the definition of "disposal site."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sarah L. James.
Sincerely,
WINSTON BRYANT Attorney General
WB/SLJ:cyh