Terry Lynn CARROLL *v.* STATE of Arkansas

96-960 934 S.W.2d 523

Supreme Court of Arkansas
Opinion delivered December 16, 1996

---

*William R. Simpson, Jr.*, Public Defender, by: *C. Joseph Cordi, Jr.*, Deputy Public Defender.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. This is a juvenile-transfer case. Appellant Terry Lynn Carroll maintains that the circuit court erred in declining to send this case to juvenile court because his chances for rehabilitation are good. We conclude that the circuit court was not clearly erroneous in its decision, and we affirm.

In the early morning hours of June 5, 1995, Marcell Young (age 17), Malak Hussian (age 10), and Mustafa Hussian (age 12) — all siblings — were shot and killed while their mother, Mary Hussian, wrestled with another gunman in a separate part of the house. In an information filed on July 5, 1995, the prosecutor charged Riley Dobi Noel, appellant Carroll, Curtis Lee Cochran, and Tracy Trinette Calloway with the capital murders of the three children and the attempted capital murder of Mary Hussian.

On May 13, 1996, Carroll filed a motion to transfer his case to juvenile court because he was sixteen at the time of the crime. Carroll's date of birth is March 24, 1979. Dr. Michael J. Simon, a psychologist with the State Hospital, testified that he had evaluated Carroll and found his I.Q. level to be 74. An I.Q. of less than 70, he stated, constitutes mental retardation. On cross-examination by the deputy prosecutor, Dr. Simon admitted that a person with an I.Q. of 74 can function in society. He further agreed that Carroll could distinguish right from wrong. Gertha Hughes, Carroll's grandmother, testified that she had raised Carroll since he was age seven

or eight. She testified that she took care of Carroll because his mother, Gracie Hughes, "liked the streets" and did not have time for him. She stated that his father also had not taken responsibility for him, except to pay child support. Ms. Hughes further related to the circuit court that Carroll had not completed the eighth grade. She testified that she never had any problem with Carroll until he started associating with the wrong crowd. She believed that he could be rehabilitated.

The prosecutor's case consisted of the testimony of two police officers from the Little Rock Police Department. Detective Ronnie Smith testified that he advised Carroll of his *Miranda* rights on June 5, 1995, and that Carroll gave a statement. The circuit court ruled that the statement was admissible. Officer Steve Moore testified that he investigated the Hussian triple homicide on June 5, 1995, and that the three Hussian children had been shot in the head. The mother, Mary Hussian, identified Carroll as the gunman with whom she wrestled. The murders occurred at 4:25 a.m. on June 5, 1995. Carroll was arrested 20 minutes later.

Officer Moore further testified that Carroll told him that the Hussian children were shot with a .45 caliber automatic pistol. Hulls from a .45 caliber pistol had been found at the scene. Carroll told Officer Moore that the three other defendants were present and that he struggled with the mother, Mary Hussian, while Riley Noel shot the children. Carroll specifically identified Noel and Curtis Cochran from photo spreads. Carroll admitted that he was armed with a Mossberg 12-gauge shotgun during the murders.

After arguments by counsel, the circuit court ruled from the bench that it had considered the relevant statutory factors and had found by clear and convincing evidence that Carroll should be tried as an adult. The circuit court's order denying the transfer was subsequently filed.

In this appeal, Carroll contests the circuit court's finding. The statutes provide that when deciding whether to transfer a case to juvenile court, the circuit court must consider the following factors:

> (1) The seriousness of the offense, and whether violence was employed by the juvenile in the commission of the offense;
>
> (2) Whether the offense is part of a repetitive pattern of

adjudicated offenses which would lead to the determination that the juvenile is beyond rehabilitation under existing rehabilitation programs, as evidenced by past efforts to treat and rehabilitate the juvenile and the response to such efforts; and

(3) The prior history, character traits, mental maturity, and any other factor which reflects upon the juvenile's prospects for rehabilitation.

Ark. Code Ann. § 9-27-318 (e) (Supp. 1995).

■ If the circuit court decides to hold the juvenile for trial as an adult, its decision must be supported by clear and convincing evidence, and the circuit court's decision will not be overturned unless it is clearly erroneous. Ark. Code Ann. § 9-27-318(f) (Supp. 1995); *Booker* v. *State*, 324 Ark. 468, 922 S.W.2d 337 (1996); *Davis* v. *State*, 319 Ark. 613, 893 S.W.2d 768 (1995). However, in making its determination, the circuit court is not required to give equal weight to each of the statutory factors under § 9-27-318(e). *Brooks* v. *State*, 326 Ark. 201, 929 S.W.2d 160 (1996); *Booker* v. *State, supra*; *Sebastian* v. *State*, 318 Ark. 494, 497, 885 S.W.2d 882 (1994).

■ The serious and violent nature of an offense is sufficient by itself for trying a juvenile as an adult. *Brooks v. State, supra*; *Holland* v. *State*, 311 Ark. 494, 844 S.W.2d 943 (1993). Yet, there must be some showing of proof to substantiate the serious and violent charges in the information. *See, e.g., Sanders* v. *State*, 326 Ark. 415, 932 S.W.2d 315 (1996); *Booker* v. *State, supra*; *Cole* v. *State*, 323 Ark. 136, 913 S.W.2d 779 (1996). It makes no difference if the juvenile did not commit the violence himself because "his association with the use of a weapon in the course of the crimes is sufficient to satisfy the violence criterion." *Booker* v. *State*, 324 Ark. at 474, 922 S.W.2d at 340, *quoting Guy* v. *State*, 323 Ark. 649, 916 S.W.2d 760 (1996). Moreover, this court has held that the serious and violent nature of a capital murder charge, even if the minor is an accomplice, is sufficient to uphold the denial of a motion to transfer to juvenile court. *Bell* v. *State*, 317 Ark. 289, 877 S.W.2d 579 (1994).

In the instant case, the circuit court stated that it had considered the relevant criteria under § 9-27-318(e). Carroll argues, nonetheless, that the circuit court clearly erred in refusing to transfer his case because he has good prospects for rehabilitation. As supporting evidence for this assertion, Carroll's counsel points to

the proof of his borderline intelligence range (I.Q. of 74) and to proof that he was a good kid until he began to associate with the wrong crowd, the inference being that Carroll can now be influenced by "good" just as he was once influenced by "evil." He also underscores the fact that Carroll was not the shooter of the three children.

██ Carroll's argument, though, falls far short of persuading this court that the circuit court's finding was clearly wrong. The crime was manifestly violent. In addition, there was proof from Carroll's statement to the police that he carried a 12-gauge shotgun into the Hussian residence and wrestled with Mary Hussian while her children were being shot. A juvenile accomplice to a violent crime is still subject to being charged as an adult. *Bell v. State, supra.* The charges in the information, which were corroborated by the proof at the hearing, provide a sufficient basis to uphold the trial court's ruling.

We note, additionally, that Carroll will turn 18 on March 24, 1997, which renders his prospects for rehabilitation within the juvenile system considerably remote. *See* Ark. Code Ann. § 9-28-208(d) (Supp. 1995); *Hansen v. State,* 323 Ark. 407, 914 S.W.2d 737 (1996).

Affirmed.

ROAF, J., concurs.