SLIP OPINION

Cite as 2017 Ark. 67

# SUPREME COURT OF ARKANSAS

No. CR–16–704

| | | |
|---|---|---|
| STATE OF ARKANSAS | | **Opinion Delivered:** March 2, 2017 |
| | APPELLANT | |
| V. | | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NOS. 72CR-13-1127; 72CR-13-1136] |
| JAMES GRIFFIN, JR. | | |
| | APPELLEE | HONORABLE MARK LINDSAY, JUDGE |
| | | REVERSED AND REMANDED. |

**COURTNEY HUDSON GOODSON, Associate Justice**

The State of Arkansas brings this interlocutory appeal from the Washington County Circuit Court's order granting appellee James Griffin, Jr.'s motion to suppress his statement to police. For reversal, the State argues that the circuit court erred in its interpretation of Arkansas Code Annotated section 9-27-317(g) (Repl. 2015). We reverse and remand.

On July 6, 2013, Griffin was arrested for robbing and assaulting a female in Fayetteville, Arkansas. At the time of his arrest, Griffin was sixteen years old and in the custody of the Arkansas Department of Human Services (DHS). Griffin was initially transported to the Washington County Juvenile Detention Center but was transferred to the Washington County Detention Center on July 9, 2013, after he was formally charged as an adult with robbery and aggravated assault in case number 72CR-13-1127.

Sergeant Rick Frisby and Detective Matt Ray with the Springdale Police Department interviewed Griffin on July 9, 2013, in connection with an assault of a female

in Springdale on June 29, 2013. The officers read Griffin his *Miranda* rights, and Griffin signed a form indicating that he had waived his rights. During the interview, Griffin admitted entering the female's apartment in Springdale and rubbing her shoulders and legs and tickling her. While he did not rape her, Griffin admitted that before entering the apartment, he had planned to have sex with her. The day after his statement, on July 10, 2013, Griffin was charged as an adult in case number 72CR–13–1136 with residential burglary, sexual assault in the second degree, and aggravated assault.

On April 1, 2016, Griffin filed a motion in both cases to suppress his July 9 statement to police, claiming that at the time of the interview, he was in DHS custody and unable to waive his right to counsel pursuant to Arkansas Code Annotated section 9-27-317(g). Griffin also filed a motion to transfer his case to the juvenile division.[1] In an amended motion to suppress filed on May 26, 2016, Griffin alternatively argued that he did not "knowingly and intelligently waive his *Miranda* rights due to his educational and mental levels." The State responded and asserted that section 9-27-317(g) was not applicable because Griffin had been charged as an adult.

A suppression hearing was held on May 31, 2016, and the circuit court entered an order on June 1, 2016, granting Griffin's motion to suppress. The court found that Griffin could not waive his right to counsel because he was in DHS custody. The court noted that the officers conducting the interrogation did not know at that time whether Griffin would be charged as a juvenile or as an adult because Griffin was not charged as an adult in case

---

[1] The circuit court has not yet ruled on this motion, and the proceedings below have been stayed during the pendency of this interlocutory appeal.

number 72CR-13-1136 until the day after the interrogation. The circuit court thus found that all statements made by Griffin to the Springdale Police Department on July 9, 2013, were inadmissible in any prosecution. The State timely appealed the circuit court's order on June 9, 2016.

As a preliminary matter, this court must first decide if it has jurisdiction to hear the State's appeal in this case. Unlike that of a criminal defendant, the State's right to appeal is limited to the provisions of Rule 3 of the Arkansas Rules of Appellate Procedure-Criminal. *State v. Colvin*, 2013 Ark. 203, 427 S.W.3d 635. Pursuant to Rule 3(a), an interlocutory appeal on behalf of the State may be taken from a pretrial order in a felony prosecution that suppresses a defendant's confession. In addition, we will not consider an appeal by the State unless the correct and uniform administration of the criminal law requires review by this court. Ark. R. App. P.–Crim. 3(d). In practice, we review only State appeals that are narrow in scope and that involve the interpretation, not the application, of a criminal rule or statutory provision. *State v. Jenkins*, 2011 Ark. 2; *State v. Pittman*, 360 Ark. 273, 200 S.W.3d 893 (2005). State appeals that merely demonstrate that the circuit court erred are not permitted. *Jenkins, supra.*

The issue presented in this appeal is whether the circuit court erred in its interpretation of Arkansas Code Annotated section 9-27-317(g). We have not previously addressed this particular subsection of the statute, and because this is an issue of first impression involving statutory interpretation that has widespread ramifications, jurisdiction of this appeal is properly in this court. *See State v. L.P.*, 369 Ark. 21, 250 S.W.3d 248

(2007) (accepting State appeal involving interpretation of Ark. Code Ann. § 9–27–317(h), (i)).

Arkansas Code Annotated section 9-27-317 is titled, "Waiver of right to counsel—Detention of juvenile—Questioning," and subsection (g) of this statute states that "[n]o waiver of the right to counsel shall be accepted when a juvenile is in the custody of the Department of Human Services, including the Division of Youth Services of the Department of Human Services." Because Griffin was in the custody of DHS when he waived his *Miranda* rights and gave his statement to the Springdale police, the circuit court found that section 9-27-317(g) barred the State from using Griffin's statement against him, despite the fact that he had been charged as an adult in circuit court for the offenses.

We agree with the State that the circuit court erred in granting the motion to suppress on this basis. In *Boyd v. State*, 313 Ark. 171, 853 S.W.2d 263 (1993), we interpreted section 9-27-317 and held that the statutory requirement of parental consent to a juvenile's waiver of the right to counsel applies only to proceedings in juvenile court. Because the juvenile in that case was charged as an adult in circuit court, we affirmed the circuit court's denial of the motion to suppress the defendant's confession, stating that "when the prosecutor chooses to prosecute a juvenile in circuit court as an adult, the juvenile becomes subject to the procedures and penalties prescribed for adults." *Id.* at 172–73, 852 S.W.2d at 264.

We reaffirmed this holding in *Ring v. State*, 320 Ark. 128, 894 S.W.2d 944 (1995), wherein the juvenile argued that he had not yet been charged as an adult at the time he gave his confession and that section 9-27-317 therefore applied to him and prevented the admissibility of his confession at a hearing on his motion to transfer his case to juvenile

SLIP OPINION

court. Relying on *Boyd*, we held that because the appellant in *Ring* "was ultimately charged in circuit court and, upon this court's affirmance of the denial of his motion to transfer, will ultimately be tried there, the failure of the law enforcement officers to obtain the consent of appellant's parents to his waiver of right to counsel, as required by section 9-27-317, does not bar admission of appellant's confession." *Id*. at 132, 894 S.W.2d at 946.

Subsequent to our decisions in *Boyd* and *Ring*, we have continued to hold that the provisions in section 9-27-317 apply only to juvenile-court proceedings. *See, e.g.*, *Jackson v. State*, 359 Ark. 87, 194 S.W.3d 757 (2004) (affirming denial of motion to suppress based on failure to comply with section 9-27-317(i) where juvenile was charged as an adult); *Ray v. State*, 344 Ark. 136, 40 S.W.3d 243 (2001) (holding that provisions in section 9-27-317 regarding juvenile's right to have a parent present during questioning are limited to juvenile proceedings); *Misskelley v. State*, 323 Ark. 449, 915 S.W.2d 702 (1996), *as supplemented on denial of reh'g* (stating that requirement of parental consent to juvenile's waiver of rights applies only to juvenile court proceedings); *Sims v. State*, 320 Ark. 528, 900 S.W.2d 508 (1995) (affirming circuit court's denial of motion to suppress even though parents did not consent to waiver of right to counsel where juvenile was ultimately charged and tried in circuit court), *overruled on other grounds by MacKintrush v. State*, 334 Ark. 390, 978 S.W.2d 293 (1998).

While Griffin contends that *Boyd* and its progeny should be overruled, we have expressly declined to do so in previous cases. *Jackson*, *supra*; *Misskelley*, *supra*. We noted in *Misskelley* that "it would be the height of unfairness" for this court to overrule *Boyd* after nearly three years of consistently following its line of reasoning. *Misskelley*, 323 Ark. at 469–

SLIP OPINION

70, 915 S.W.2d at 713. This statement is even more valid now, after more than twenty-three years.

We share the circuit court's concern with protecting a juvenile in Griffin's situation. As Griffin argues, our interpretation of the statute at issue provides incentive for a prosecutor to charge a juvenile in circuit court rather than in the juvenile division when a statement has been taken in violation of the statute. Thus, even though this statute was intended to provide greater protection for juveniles, our interpretation in *Boyd* and subsequent cases has had the opposite effect. Nonetheless, while we agree that the result may seem egregious, we are bound by the principles of stare decisis to follow the interpretation of section 9-27-317 that we set out in the *Boyd* line of cases. We note that the legislature has had ample opportunity during this time to extend the rights contained in section 9-27-317 to adult proceedings, but it has chosen not to do so. *Ray, supra.* It is well settled that an interpretation of a statute by this court subsequently becomes a part of the statute itself. *Corn v. Farmers Ins. Co.*, 2013 Ark. 444, 430 S.W.3d 655. The legislature is presumed to be familiar with this court's interpretation of a statute, and if it disagrees with that interpretation, it can amend the statute. *Id.* Without such an amendment, however, our interpretation remains the law. *Id.* Accordingly, we must regrettably decline Griffin's invitation to overrule our prior cases.

Griffin further argues that his situation can be distinguished from our earlier cases because he was in DHS custody. He asserts that *Boyd* and subsequent cases following that line of reasoning contemplated only juveniles in the custody of their parents and that juveniles in DHS custody should be afforded a greater degree of legal protection. This

argument is not persuasive, however, as we have been consistent in our interpretation of the various provisions in section 9-27-317 and in holding that the juvenile code applies only to juvenile-court proceedings.[2]  *Ray*, *supra*; *Boyd*, *supra*.  Griffin provides no convincing argument as to why subsection (g) of the statute should be interpreted differently.

In granting Griffin's motion to suppress, the circuit court noted that Griffin had not yet been charged as an adult when he made his July 9, 2013 statement to police.  However, this was also the situation in both *Boyd* and *Ring*, and we held that it was the court in which the juvenile was ultimately charged and tried that determined whether the protections in section 9-27-317 applied.  *Ring*, 320 Ark. at 131, 894 S.W.2d at 946; *Boyd*, 313 Ark. at 172–73, 853 S.W.2d at 264–65.  Accordingly, the circuit court erred in granting Griffin's motion to suppress his statement to police, and we reverse and remand.

Reversed and remanded.

BAKER and WOMACK, JJ., concur.

HART, J., dissents.

**SHAWN A. WOMACK, Justice, concurring.**  The ability of the state to charge a dangerous juvenile as an adult is an important tool of prosecutors trying to protect society. Ark. Code Ann. §9-27-318 (Repl. 2015). The responsibility to protect minors and their families from overzealous state actors during investigations and interrogations is both an

---

[2] Although the dissent asserts that section 9-27-317(g) should be interpreted differently because it does not contain the language in subsection (a) limiting its application only to proceedings in juvenile court, we have previously interpreted other subsections in the statute that do not contain such language in a similar manner, and we have held that the juvenile code, as a whole, applies only to juvenile proceedings.  *See, e.g.*, *Jackson*, *supra* (discussing section 9-27-317(i)); *Ray*, *supra*.

important function of the judiciary and the public policy of this state as expressed by the General Assembly. Ark. Code Ann. § 9-27-317 (Repl. 2015). This case brings us to the intersection of these two competing principles.

While the legislature has addressed both the need to protect minors and the need to treat some minors as adults for the purpose of bringing criminal charges, they have not clearly addressed when each principle prevails in the event of a conflict. In the absence of clear guidance from the General Assembly, it is our role to determine when each statute applies.

To resolve this, I would propose a simple balancing test between the decision to charge as an adult and the effectiveness of the waiver of counsel based on the timing of the two events. Under this test, a waiver of the right to counsel made after the decision to charge as an adult has been made and communicated to the minor defendant would be effective while a waiver made prior to the decision to charge as an adult or a juvenile has been made and communicated would be ineffective with the minor retaining the protection of the juvenile code.

This balancing test is consistent with the tenets of *Boyd v. State*, 301 Ark. 171, 853 S.W.2d 263 (1993), where it was held that the statutory protections of section 9-27-317 apply to proceedings in the juvenile court and are lost when a minor has been charged as an adult in circuit court. However, in reaching this result, I would overrule the holding in *Ring v. State*, 320 Ark. 128, 894 S.W.2d 944 (1995) where this court, erroneously in my opinion, allowed a decision to charge a juvenile as an adult after what would have otherwise

been an ineffective waiver, to retroactively make the waiver effective and remove the protection that the statute gave to the then uncharged juvenile.

The timing of the event is important. Prior to being charged as an adult in circuit court, the minor is still afforded the protection of a juvenile and that which is invalid cannot be made valid retroactively by a subsequent decision of the State, which is likely often made based on the invalid act in the first place. As it stands now, under the *Ring* ruling, prosecutors are almost forced into the decision to charge as an adult in order to take advantage of the otherwise defective waiver. *See Boyd v. State*, 313 Ark. 171, 174, 853 S.W.2d 263, 265 (1993) (Newbern, J., dissenting); *Ring v. State*, 320 Ark. 128, 894 S.W.2d 944 (1995) (Newbern, J., dissenting). This creates the potential for overcharging in cases where the decision of the State may very well have been to charge as a juvenile in the absence of the defect.

Under this proposed test, the ability of the prosecutor to charge as an adult under section 9-27-318 is unchanged. However, in those cases where a minor is charged as an adult and where there is a waiver of counsel, statements made under the waiver would be admissible only if the prosecutor either (a) makes and communicates to the defendant the decision to charge as an adult prior to the waiver; or (b) obtains the waiver in compliance with section 9-27-317 if it is obtained prior to the making and communicating of the charging decision.

The facts in the current case are unusual in their sequence. In *Griffin*, the Appellee was charged as an adult for the Fayetteville crime and while in jail, as an adult, he was interrogated, and he waived his right to counsel. Based on admissions made during that

interrogation, he was subsequently charged as an adult for a separate crime committed in Springdale. I agree with the majority in the outcome based on the loss of juvenile code protection upon the initial decision to charge as an adult in the Fayetteville case. However, I write this concurrence to highlight the fact that, but for the initial charging of the Fayetteville crime, the waiver-based interrogation that resulted in the confession of the Springdale crime would have stood under the *Ring* decision but should have been invalid under the test proposed herein.

BAKER, J., joins.

**JOSEPHINE LINKER HART, Justice, dissenting.** I respectfully dissent. Arkansas Code Annotated section 9-27-317(g) (Repl. 2015) provides, "No waiver of the right to counsel shall be accepted when a juvenile is in the custody of the Department of Human Services, including the Division of Youth Services of the Department of Human Services." Subsection (g) is an absolute prohibition: no waiver of the right to counsel shall be accepted when a juvenile is in the custody of the Department of Human Services. James Griffin, Jr., was in the custody of the Department of Human Services. Thus, his waiver of counsel was ineffective, and the circuit court properly suppressed the statement he gave to the police.

The majority not only concludes that the case before us is one of first impression but also concludes that its decision to reverse is compelled by stare decisis, presumably because of cases interpreting another statutory provision, section 9-27-317(a)(3). The majority relies on *Boyd v. State*, 313 Ark. 171, 853 S.W.2d 263 (1993), the first case to consider section 9-27-317 and which specifically interpreted section 9-27-317(a). Subsection (a)(3) provides, "Waiver of the right to counsel at a delinquency or family in need of services hearing shall

SLIP OPINION

be accepted only upon a finding by the court from clear and convincing evidence, after questioning the juvenile, that . . . [t]he parent, guardian, custodian, or counsel for the juvenile has agreed with the juvenile's decision to waive the right to counsel." Ark. Code Ann. § 9–27–317(a)(3).

In contrast to section 9–27–317(g), section 9–27–317(a)(3) is not stated as an absolute prohibition barring a juvenile's waiver of the right to counsel. Moreover, as the *Boyd* court observed, section 9–27–317(a)(3) specifically references only proceedings in juvenile courts. The *Boyd* court concluded, "[T]he section of the juvenile code requiring parental consent to a waiver is limited to proceedings in the juvenile division of chancery court." *Id.* at 173, 853 S.W.2d at 265. Section 9–27–317(g) does not limit its applicability only to juvenile-court proceedings.

In *Ring v. State*, 320 Ark. 128, 894 S.W.2d 944 (1995), the other case discussed by the majority, this court again considered parental consent to the waiver of counsel. This court stated, "In [*Boyd*] this court held that the Arkansas Juvenile Code does not refer to proceedings in circuit court, rather, only to proceedings in juvenile court." *Id.* at 131, 894 S.W.2d at 946. However, as discussed above, an essential element of the *Boyd* court's analysis was its reliance on language identifying the court as the juvenile court. Now, the majority reaches the same conclusion although there is nothing in the text of section 9–27–317(g) to indicate that it applies only to juvenile court. While this court may have stated in *Ring* and other cases that the Arkansas Juvenile Code does not refer to proceedings in the circuit

court, this does not mean that section 9-27-317(g) should be treated similarly, given that it is stated as an absolute prohibition.[3]

In applying *Boyd* and its progeny, the majority admits that "our interpretation of [section 9-27-317(g)] provides incentive for a prosecutor to charge a juvenile in circuit court rather than in the juvenile division when a statement has been taken in violation of the statute," that "even though this statute was intended to provide greater protection for juveniles, our interpretation in *Boyd* and subsequent cases has had the opposite effect," and that "the result may seem egregious." I agree with these observations but, unlike the majority, I would hold that the clear wording of section 9-27-317(g) establishes a requirement that this court must affirm.

*Hodge Calhoun Giattina, PLLC*, by: *Robert E. Hodge III*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.

---

[3] The majority also cites to *Jackson v. State*, 359 Ark. 87, 194 S.W.3d 757 (2004) and *Ray v. State*, 344 Ark. 136, 40 S.W.3d 243 (2001). Both of these cases address the juvenile's right to speak to his or her parents.