Shawn A. Womack, Justice, concurring. The ability of the state to charge a dangerous juvenile as an adult is an important tool of prosecutors trying to protect society. Ark. Code Ann. § 9-27-318 (Repl. 2015). The responsibility to protect minors and their families from overzealous state actors during investigations and interrogations is both an 18important function of the judiciary and the public policy of this state as expressed by the General Assembly. Ark. Code Ann. § 9-27-317 (Repl. 2015). This case brings us to the intersection of these two competing principles. While the legislature has addressed both the need to protect minors and the need to treat some minors as adults for the purpose of bringing criminal charges, they have not clearly addressed when each principle prevails in the event of a conflict. In the absence of clear guidance from the General Assembly, it is our role to determine when each statute applies. To resolve this, I would propose a simple balancing test between the decision to charge as an adult and the effectiveness of the waiver of counsel based on the timing of the two events. Under this test, a waiver of the right to counsel made after the decision to charge as an adult has been made and communicated to the minor defendant would be effective while a waiver made prior to the decision to charge as an adult or a juvenile has been made and communicated would be ineffective with the minor retaining the protection of the juvenile code. This balancing test is consistent with the tenets of Boyd v. State, 313 Ark. 171, 853 S.W.2d 263 (1993), where it was held that the statutory protections of section 9-27-317 apply to proceedings in the juvenile court and are lost when a minor has been charged as an adult in circuit court. However, in reaching this result, I would overrule the holding in Ring v. State, 320 Ark. 128, 894 S.W.2d 944 (1995) where this court, erroneously in my opinion, allowed a decision to charge a juvenile as an adult after what would have otherwise |3been an ineffective waiver, to retroactively make the waiver effective and remove the protection that the statute gave to the then uncharged juvenile. The timing of the event is important. Prior to being charged as an adult in circuit court, the minor is still afforded the protection of a juvenile and that which is invalid cannot be made valid retroactively by a subsequent decision of the State, which is likely often made based on the invalid act in the first place. As it stands now, under the Ring ruling, prosecutors are almost forced into the decision to charge as an adult in order to take advantage of the otherwise defective waiver. See Boyd v. State, 313 Ark. 171, 174, 853 S.W.2d 263, 265 (1993) (Newbern, J., dissenting); Ring v. State, 320 Ark. 128, 894 S.W.2d 944 (1995) (Newbern, J., dissenting). This creates the potential for overcharging in cases where the decision of the State may very well have been to charge as a juvenile in the absence of the defect. Under this proposed test, the ability of the prosecutor to charge as an adult under section 9-27-318 is unchanged. However, in those cases where a minor is charged as an adult and where there is a waiver of counsel, statements made under the waiver would be admissible only if the prosecutor either (a) makes and communicates to the defendant the decision to charge as an adult prior to the waiver; or (b) obtains the waiver in compliance with section 9-27-317 if it is obtained prior to the making and communicating of the charging decision. The facts in the current, case are unusual in their sequence. In Griffin, the Appel-lee was charged as an adult for the Fay-etteville crime and while in jail, as an adult, he was interrogated, and he waived his right to counsel. Based on admissions made during that | ^interrogation, he was subsequently charged as an adult' for a separate crime committed in Springdale. I agree with the majority in the outcome based on the loss of juvenile code protection upon the initial decision to charge as an adult in the Fayetteville case. However, I write this concurrence to highlight the fact that, but for the initial charging of the Fayetteville crime, the waiver-based interrogation that resulted in the confession of the Springdale, crime would have .stood under the Ring decision but should have been invalid under the test proposed herein. Baker, J., joins.